## A89A0156. DANIEL v. THE STATE.
(377 SE2d 914)

BANKE, Presiding Judge.

The appellant was convicted of selling cocaine in violation of the Controlled Substances Act. Prior to trial, he filed a "Motion for Discovery," purportedly under the authority of *Brady v. Maryland*, 373 U. S. 83 (83 SC 1194, 10 LE2d 215) (1963), but seeking disclosure of "all written and recorded statements," without regard to whether they were exculpatory or inculpatory. His sole enumeration of error on appeal concerns the trial court's failure to exclude from evidence tape recordings of a telephone conversation between himself and another individual on the ground that the evidence had not been provided to him before trial in compliance with his *Brady* motion.

The individual in question had himself been arrested for selling cocaine and had thereupon identified the appellant as his drug source. He had subsequently allowed police to tape record a telephone conversation between himself and the appellant wherein arrangements were made for the appellant to pick up the proceeds from the drug sale in question. It is this recording which is the subject of the present appeal. *Held*:

"There is no general constitutional right to discovery in a criminal case, and *Brady* did not create one. . . ." *Weatherford v. Bursey*, 429 U. S. 545, 559 (97 SC 837, 51 LE2d 30) (1977). " '. . . *Brady* is not violated when the *Brady* material is available to the [defendant] during trial. [Cits.]' [Cit.] '*Brady* does not require *pre-trial* disclosure of the materials.' [Cit.]" *Castell v. State*, 250 Ga. 776, 781 (2) (b) (301 SE2d 234) (1983). Furthermore, ". . . *Brady* does not compel the state to disclose inculpatory evidence. . . ." *Ross v. State*, 254 Ga. 22, 29 (4) (c) (326 SE2d 194) (1985). It follows that the trial court did not err in admitting the evidence in question over the appellant's objection that the state had failed to make it available to him prior to trial in response to his *Brady* motion.

*Judgment affirmed. Sognier and Pope, JJ., concur.*

DECIDED JANUARY 18, 1989.

*Ted B. Herbert*, for appellant.
*Thomas J. Charron, District Attorney*, for appellee.