A98A0018. IN THE INTEREST OF S. U., a child.
(503 SE2d 66)

RUFFIN, Judge.

On May 2, 1997, the juvenile court found 16-year-old S. U. delinquent for having committed the crime of burglary and sentenced him

to probation and boot camp. However, the juvenile court suspended the boot camp sentence pending S. U.'s successful completion of probation. Subsequently, on May 19, 1997, the juvenile court adjudicated S. U. delinquent for having committed the crime of theft by taking. The juvenile court revoked the suspension of the boot camp sentence, and delayed sentencing on the theft by taking charge until S. U. completed boot camp.

S. U. appeals from the theft by taking conviction, asserting (1) that the juvenile court erred by denying him a continuance to allow his attorney more time to prepare for trial which in turn resulted in ineffective assistance of counsel; (2) that the court became a biased participant at trial by questioning a witness; and (3) that the juvenile court erred in failing to conduct a probation revocation hearing prior to activating the boot camp sentence on the burglary charge. We affirm.

1. S. U. maintains that the juvenile court erred in denying his motion for a continuance to provide his attorney more time to prepare for trial.

The evidence reveals that S. U. was charged with unlawfully taking plants valued at $170 from a nursery on April 12, 1997. The juvenile court appointed an attorney to represent S. U. on the charge. On the day of trial, however, the court-appointed attorney notified the court that S. U. had retained his own attorney. However, S. U.'s retained attorney was not present. The juvenile court postponed the trial until the next day, at which time S. U.'s retained attorney appeared and requested a continuance because he had just been retained and needed time to subpoena witnesses and speak with the district attorney.

The juvenile court judge pointed out that the case was ready for trial, that witnesses had been waiting to testify for two days and that the court had previously appointed an attorney for S. U. The juvenile court judge thus advised the newly retained attorney that "[y]ou can take the employment of the case but you'll have to be ready to try the case. We're going to try it today."

Prior to the start of the trial, the juvenile court allowed S. U.'s attorney to speak with the district attorney about the charges. After the State presented its case, the juvenile court recessed until the next day, thereby allowing S. U.'s attorney time to subpoena witnesses. The attorney called seven witnesses on the following day of trial. After these witnesses testified, S. U.'s attorney noted that other witnesses he planned to call were not present. The juvenile court then recessed for the day, giving the attorney the weekend to locate the remaining witnesses. The defense rested after S. U.'s counsel called two witnesses on Monday morning when court reconvened. The juvenile court found S. U. had committed the theft and adjudi-

cated him delinquent.

Regarding S. U.'s assertion that the juvenile court erred in denying him a continuance, we note that " '[a] motion for a continuance predicated on the basis of counsel's lack of preparation for trial addresses itself to the sound discretion of the trial court and a ruling denying such a motion will not be interfered with unless the court has abused its discretion in denying the motion.' [Cit.]" *Aleman v. State*, 227 Ga. App. 607, 610 (2) (a) (489 SE2d 867) (1997).

We find no evidence supporting S. U.'s argument that the juvenile court abused its discretion in denying a continuance. "Mere shortness of time does not by itself show a denial of the rights of the accused, and mere shortness of time will not reflect an abuse of the trial court's discretion in denying a continuance, where the case is not convoluted and is without a large number of intricate defenses. [Cit.]" *Scroggins v. State*, 198 Ga. App. 29, 37 (2) (401 SE2d 13) (1990).

The instant case was not intricate or convoluted; the only question was whether S. U. stole the plants. The State called only two witnesses in its case-in-chief: the owner of the nursery and an eyewitness who saw S. U. and other juveniles standing next to a truck loaded with plants on the nursery property at night when the nursery was closed. S. U.'s defense was that the evidence merely proved his presence on the nursery property; there was no evidence showing that he took plants from the nursery.

In addition to the straightforward nature of the State's case and S. U.'s defense, S. U. "has not suggested any evidence or witness or any matter whatsoever which he could have produced in defense if he had had more 'time to prepare.' " Id.; see also *Roland v. State*, 266 Ga. 545 (3) (468 SE2d 378) (1996). In response to defense counsel's request for time to speak with the district attorney and subpoena witnesses, the court allowed defense counsel time to speak with the district attorney and postponed the trial, thereby providing counsel time to locate witnesses. Other than simply stating that his attorney needed more time to prepare, S. U. has not shown this Court what evidence he would have produced if given more time. Accordingly, the trial court did not abuse its discretion in denying the motion for continuance. *Aleman*, supra; *Scroggins*, supra.

2. We also reject S. U.'s claim that as a result of the juvenile court's denial of his motion for continuance, his counsel was ineffective because he had no time to prepare for trial.

"A defendant claiming ineffective assistance of counsel must show (1) that his attorney's representation in specified instances fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. [Cit.]" *Stephens v.*

*State*, 224 Ga. App. 184, 185 (3) (480 SE2d 235) (1997).

In the instant case, S. U. has not "pointed to any specific instances at trial where he contends that, due to lack of preparation, his counsel's performance fell below an objective standard of reasonableness. Besides his bare assertion that he received ineffective assistance due to the denial of his motion for continuance, he does not support his argument by pointing to even a single act or omission of his counsel at trial which he contends was deficient and resulted directly from the denial of his motion. No deficient performance having been shown, [S. U.'s] ineffective assistance claim must fail. . . ." *Aleman*, supra at 611.

3. S. U. asserts that the trial court "committed reversible error by ceasing to be a [sic] impartial fact finder and became a bias participant." In support of this allegation, S. U. refers to a question the juvenile court judge asked the State eyewitness during his testimony.

The eyewitness testified that he saw S. U., two other juveniles, and a man standing near a truck on the grounds of the nursery around 10:00 to 10:30 p.m. on April 12, 1997. According to the witness, the truck was loaded with plants from the nursery. Following this testimony, the juvenile court judge asked the witness, "[a]nd there was [sic] three or four people, one of which was this gentleman here; is that correct?" The witness responded affirmatively.

S. U. maintains that the trial court, by asking the question, violated OCGA § 17-8-57, which provides in part that "[i]t is error for any judge in any criminal case, during its progress or in his charge to the jury, to express or intimate his opinion as to what has or has not been proved or as to the guilt of the accused."

The evidence shows that S. U. did not object to the juvenile court judge's question, and thus he failed to preserve the alleged error for appellate review. See *Lawson v. State*, 224 Ga. App. 645 (2) (481 SE2d 856) (1997).

Even if S. U. had preserved this issue for appeal, we find that OCGA § 17-8-57 is not applicable here. OCGA § 17-8-57 "is limited to remarks made before the jury[, cit.]" and here the juvenile court was acting as the factfinder; there was no jury. *Dukes v. State*, 186 Ga. App. 773, 774 (3) (369 SE2d 257) (1988). See also *Morton v. State*, 132 Ga. App. 329, 330 (1) (208 SE2d 134) (1974) ("The reason for [OCGA § 17-8-57] prohibiting the judge from intimating his opinion as to what has been proved is to keep the jury from being influenced, not to keep the judge from making up his own mind."). Accordingly, the juvenile court did not err.

4. S. U. asserts that the juvenile court "committed reversible error by denying [him] a violation of probation hearing before activating [the] suspended boot camp sentence[.]"

A juvenile has the right to a hearing and notice thereof prior to

revocation of the juvenile's probation. See OCGA § 15-11-42 (b)–(d); *T. S. I. v. State of Ga.*, 139 Ga. App. 775 (1) (229 SE2d 553) (1976). Even assuming these rights extend to juveniles faced with revocation of a suspended sentence, it is clear that in the instant case neither S. U. nor his attorney objected when the juvenile court proceeded to revoke S. U.'s suspended sentence without providing notice and holding a separate hearing. "We must therefore assume that 'due notice' was in fact received by [S. U.] or that, in any event, the general appearance of [S. U.] by his counsel constituted a waiver of any irregularity therein." *Waters v. State*, 80 Ga. App. 105, 106 (1) (55 SE2d 677) (1949). "From the facts of this record, it seems apparent that [S. U.] waived any objection to any lack of notice or formality of hearing." *Rainwater v. State*, 127 Ga. App. 406, 408 (193 SE2d 889) (1972). As S. U. failed to timely preserve any objection to the juvenile court's procedures, there is nothing remaining for this Court to consider. See *In the Interest of D. L. S.*, 224 Ga. App. 660, 661 (2) (482 SE2d 418) (1997) (" 'Objections not raised at trial cannot be raised for the first time on appeal, as they are deemed waived.' [Cit.]").

*Judgment affirmed. Beasley, J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED JUNE 8, 1998.

*Gabel Law Firm, Thomas E. Stewart*, for appellant.
*Tommy K. Floyd, District Attorney, Blair D. Mahaffey, Thomas R. McBerry, Assistant District Attorneys*, for appellee.