## A99A1101. GIBSON v. THE STATE.
### (521 SE2d 599)

ELDRIDGE, Judge.

In challenging a Muscogee County jury verdict finding him guilty of aggravated assault, Walter L. Gibson contends that he received ineffective assistance of counsel because his trial attorney (a) failed to raise the issue of Gibson's alleged mental illness in relation to the voluntary nature of his confession; and (b) raised a defense of justification, instead of a defense of guilty but mentally ill. We find these contentions meritless.

To show that trial counsel was ineffective, Gibson must show both that counsel's performance was deficient and that the deficiency so prejudiced his defense that a reasonable probability exists that the outcome of trial would have been different but for the deficiency. *Hassan v. State*, 231 Ga. App. 783, 784 (500 SE2d 644) (1998).

(a) During the *Jackson/Denno*[1] hearing, the State produced testimony from the arresting officer which authorized the trial court's finding that Gibson's statement was knowingly and voluntarily made. Gibson has failed to direct our attention to any place in the record which would show that, at the time Gibson gave his statement to the police, he suffered from a mental illness that impacted on the voluntary nature of such statement. He simply states on appeal that he was "mentally ill and highly intoxicated." Such conclusory statements are not proof. Further, Gibson's trial attorney testified at the motion for new trial that Gibson never mentioned a mental illness; nor did he display signs that would have signaled the existence of such. Accordingly, defense counsel's failure to raise an issue of mental illness at the *Jackson/Denno* hearing was not a "defective" performance.

(b) Equally meritless is Gibson's contention that "trial counsel was ineffective in failing to raise the more plausible defense of guilty

---

[1] *Jackson v. Denno*, 378 U. S. 368 (84 SC 1774, 12 LE2d 908) (1964).

but mentally ill." As the trial court noted, Gibson's attorney could *not* raise a defense of mental illness when the existence of such alleged illness was neither manifest nor brought to the attorney's attention in any fashion. Gibson, himself, maintained from the beginning that the victim was armed with a knife and thus his actions were justified. In light of his subsequent conviction, a mental illness defense may now appear to Gibson to be more "plausible," but, as this Court has noted many times: "Effectiveness is not judged by hindsight *or by the result.*" (Emphasis supplied.) *Karvonen v. State*, 205 Ga. App. 852, 853 (424 SE2d 47) (1992); *Cauley v. State*, 203 Ga. App. 299, 301 (2) (416 SE2d 575) (1992); *Garrett v. State*, 196 Ga. App. 872, 873 (1) (397 SE2d 205) (1990); *Hosch v. State*, 185 Ga. App. 71, 72 (2) (363 SE2d 258) (1987).[2]

*Judgment affirmed. Pope, P. J., and Smith, J., concur.*

DECIDED AUGUST 10, 1999.

*William P. Nash, Jr.*, for appellant.
*J. Gray Conger, District Attorney, George E. Lipscomb II, Assistant District Attorney*, for appellee.

---

[2] "The standard of effectiveness is not to be judged by hindsight nor by the result that the appellants were convicted." *Kervin v. State*, 178 Ga. App. 601, 606 (344 SE2d 441) (1986). See also *Solomon v. State*, 247 Ga. 27, 28 (1) (277 SE2d 1) (1981) ("effective counsel does not mean errorless counsel and not counsel judged ineffective by hindsight"); *Pitts v. Glass*, 231 Ga. 638 (203 SE2d 515) (1974); *Harrell v. State*, 139 Ga. App. 556, 557 (2) (228 SE2d 723) (1976).