## A05A0063. VANHOLTEN v. THE STATE.
(610 SE2d 555)

BLACKBURN, Presiding Judge.

Following his conviction of armed robbery[1] and the denial of his motion for new trial, Sean Vanholten appeals, arguing that he received ineffective assistance of counsel. For the reasons which follow, we affirm.

1. Viewing the evidence in the light most favorable to the verdict, the record shows that on June 26, 2002, at about 7:30 p.m., Vanholten approached Sandra Hight's car in a drugstore parking lot, brandished a silver gun, robbed Hight, and stole her car.

Hight immediately called the police, who arrived within minutes. She described Vanholten, who had been mere inches away from her in daylight conditions, as a tall black male whose left eyebrow was pierced with an earring shaped like a barbell. She also gave police a description of her car.

On July 2, 2002, police found Hight's car parked in the driveway of the house Vanholten shared with his family. After Vanholten was arrested, the police found a silver BB gun, which was a replica of a Beretta nine millimeter automatic, in the glove compartment of Hight's car. Hight testified at trial that the gun resembled the one Vanholten had used to rob her.

Kevon Brewer, Vanholten's girlfriend at the time of the crimes, testified at trial that Vanholten had brought Hight's car to his house and, when she questioned him about the car, he told her that he had gone up to a lady in a drugstore parking lot and had stolen it from her. Brewer also testified that Vanholten wore a barbell earring in his pierced left eyebrow. This evidence was more than sufficient to support Vanholten's conviction. See *Jackson v. Virginia*.[2]

---

[1] OCGA § 16-8-41.

[2] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Nonetheless, Vanholten argues that his conviction must be reversed, contending that he received ineffective assistance of counsel. Specifically, Vanholten contends that his attorney failed to: (a) adequately prepare for trial; (b) interview the State's witnesses; (c) listen to a taped recording of the preliminary hearing; and (d) prepare him for his testimony at trial. "To succeed on this claim, [Vanholten] must demonstrate that his attorney's performance was deficient and that the deficiency prejudiced his defense. We need not address both prongs of this test if the showing on one prong is insufficient, nor must we address them in any particular order." (Footnote omitted.) *Turner v. State.*[3] "We review a trial court's finding that a defendant has been afforded effective assistance of counsel under the clearly erroneous standard." Id.

(a) First, Vanholten argues that his trial counsel did not prepare adequately for trial because he failed to adequately consult with Vanholten. We find no merit to this argument.

Trial counsel testified that he met with Vanholten between five and ten times before trial. During these visits, trial counsel: discussed with Vanholten what his testimony would be and what the witnesses were going to say; read him the discovery and reviewed the State's evidence; and explained the possible sentences he faced. In light of this testimony, "[w]e conclude that [Vanholten] failed to carry his burden to prove that counsel's performance in preparing for trial was deficient." *Butler v. State.*[4]

Beyond this, Vanholten's claim of ineffective assistance of counsel is nothing more than speculation. Vanholten claims that counsel met with him only three times and that the infrequency of their meetings evidences trial counsel's ineffectiveness. This Court has held that "there exists no magic amount of time which a counsel must spend in preparation for trial in order to provide a client with adequate counsel." (Punctuation omitted.) *Waddell v. State.*[5] However, regardless of how many times Vanholten and trial counsel actually met, Vanholten "does not describe for us how additional pre-trial communications would have changed the outcome of his trial. Therefore, he has failed to establish that this alleged instance of ineffectiveness prejudiced his defense." *Washington v. State.*[6]

(b) Vanholten's claim that trial counsel was ineffective for failing to interview the State's witnesses is also mere speculation, and

---

[3] *Turner v. State*, 253 Ga. App. 760, 763 (6) (560 SE2d 539) (2002).
[4] *Butler v. State*, 270 Ga. 441, 448 (7) (511 SE2d 180) (1999).
[5] *Waddell v. State*, 224 Ga. App. 172, 175 (3) (a) (480 SE2d 224) (1996).
[6] *Washington v. State*, 274 Ga. 428, 430 (2) (554 SE2d 173) (2001).

equally meritless, because Vanholten did not "establish what interviewing these witnesses before trial would have added to his defense, and hence we cannot assess whether such interviews would have changed the outcome of his trial. Therefore, appellant also has failed to establish that this alleged instance of ineffectiveness prejudiced his defense." (Footnote omitted.) *Washington*, supra at 430 (2).

(c) Vanholten next asserts that trial counsel was ineffective because he failed to listen to a taped recording of the preliminary hearing and thus was unable to prepare proper impeachment evidence of Hight, the victim. We find no merit to this assertion.

At the hearing on the motion for new trial, Vanholten's trial counsel testified that, while he could not recall whether he had listened to the recording of the preliminary hearing, he had reviewed prior defense counsel's notes of the hearing and had found nothing in those notes that indicated that Hight's testimony at that hearing was any different from her testimony at trial. Vanholten stated at the motion for new trial hearing that he had asked trial counsel to review the tape because he had "heard" that defense counsel had asked Hight, at the preliminary hearing, whether she could identify the robbers and she had indicated that she could not. However, Vanholten did not proffer a copy of the tape of Hight's testimony at the preliminary hearing. Absent such a proffer of Hight's testimony, Vanholten cannot meet his burden of affirmatively showing how trial counsel's failure to listen to the tape affected the outcome of his trial. *Turner*, supra at 764.

(d) Finally, Vanholten contends that trial counsel was ineffective for failing to prepare him for his testimony during trial. Contrary to Vanholten's contention, trial counsel testified at the hearing on the motion for new trial that he discussed Vanholten's trial testimony with him. But, even without that testimony, this assertion of error is meritless for the same reason that Vanholten's contention that trial counsel did not adequately prepare for trial was meritless: Vanholten has failed to describe for us "how additional pre-trial communications would have changed the outcome of his trial." *Washington*, supra at 430 (2).

All of Vanholten's claims of ineffective assistance of counsel are products of speculation, bold assertions that the outcome of his trial would have been different completely unsupported by anything that would affirmatively show why such would be the case. "[S]uch speculation raises no more than a mere possibility, a showing which is insufficient" to establish ineffective assistance of counsel. *Bogan v. State*.[7] Accordingly, the trial court's finding that Vanholten received

---

[7] *Bogan v. State*, 249 Ga. App. 242, 245 (2) (b) (547 SE2d 326) (2001).

effective assistance of counsel is not clearly erroneous, and the denial of his motion for new trial on this ground is affirmed.

*Judgment affirmed. Miller and Bernes, JJ., concur.*

DECIDED FEBRUARY 1, 2005 —
RECONSIDERATION DENIED FEBRUARY 25, 2005.

*Blend & Michael, Maryann F. Blend*, for appellant.
*Jeffrey H. Brickman, District Attorney, Fatima E. Ziyad, Elisabeth G. Macnamara, Assistant District Attorneys*, for appellee.