A06A0276. McCOY v. THE STATE.
(629 SE2d 493)

MILLER, Judge.

Following a jury trial, Lisa McCoy was convicted of two counts of aggravated child molestation, two counts of child molestation, and one count of statutory rape for acts she committed against three of her children. McCoy appeals, contending that (i) the evidence was insufficient; (ii) the trial court erred by admitting similar transaction evidence; (iii) the trial court erred by admitting the testimony of an expert witness regarding child sexual abuse syndrome; and (iv) her trial counsel was ineffective. We discern no error and affirm.

Viewed in the light most favorable to the jury's verdict, the evidence shows that from the time that the victims were as young as five or six years old, McCoy periodically abused them sexually by, among other things, touching their genitals, performing oral sex on them, and having sexual intercourse with them. McCoy performed similar acts upon a fourth child, W. H., who was not a named victim in the indictment, but who testified as to the abuse at trial. The abuse of all four children occurred in the family home and continued until the children were placed into foster care as a result of neglect and unsanitary living conditions. Over a year after being placed in foster care, the victims told their foster mother of the abuse they suffered under McCoy. McCoy was convicted of aggravated child molestation, child molestation, and statutory rape, and she now appeals.

1. McCoy contends that the evidence was insufficient to sustain her convictions. We disagree.

On appeal from a criminal conviction, we view the evidence in the light most favorable to the verdict, and the defendant no longer enjoys the presumption of innocence. *Short v. State*, 234 Ga. App. 633, 634 (1) (507 SE2d 514) (1998). We do not weigh the evidence or determine witness credibility, but only determine if the evidence was sufficient for a rational trier of fact to find the defendant guilty of the charged

offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307, 319 (99 SC 2781, 61 LE2d 560) (1979). The testimony of the four children, which described the offenses committed by McCoy against them in violation of OCGA §§ 16-6-4 (child molestation and aggravated child molestation) and 16-6-3 (statutory rape), was sufficient to convict her under the standard established by *Jackson*.

2. McCoy alleges that the trial court erred by admitting the testimony of the victims' brother, W. H., and a journal written by W. H., as similar transaction evidence.[1] We disagree.

*Williams v. State*, 261 Ga. 640, 642 (2) (b) (409 SE2d 649) (1991), set out the three showings the State must make to admit similar transaction evidence. First, the State must identify a proper purpose for admitting the transaction; second, the State must show that the accused committed the separate offense; and third, the State must show a sufficient similarity between the independent offense and the crime charged so that proof of the former tends to prove the latter. "The rules regarding the admissibility of prior acts may be liberally extended in the area of sexual offenses involving children." *Salters v. State*, 238 Ga. App. 45, 46 (2) (517 SE2d 593) (1999). We will not disturb a trial court's decision to admit similar transaction evidence in the absence of an abuse of discretion. *Rowe v. State*, 263 Ga. App. 367, 368 (1) (587 SE2d 781) (2003).

Here, the evidence shows that W. H.'s journal was admitted only at the similar transaction hearing and was not referred to at trial or provided to the jury. Further, W. H.'s testimony was introduced at trial for the limited purpose of establishing McCoy's bent of mind and lustful disposition toward her own children. The offenses committed against W. H. were substantially identical to the offenses committed against the three named victims, in that all four children claimed McCoy molested them in their home repeatedly over a number of years. We hold that the trial court did not abuse its discretion in admitting the similar transaction evidence offered by W. H.

3. McCoy alleges that the trial court erred by admitting expert witness testimony regarding the "child sexual abuse syndrome." McCoy contends that such testimony was irrelevant and served merely to bolster the testimony of the victims. Georgia courts, however, have long allowed testimony regarding child sexual abuse syndrome. See *Allison v. State*, 256 Ga. 851, 852 (2) (353 SE2d 805) (1987); *Hall v. State*, 196 Ga. App. 523, 526 (3) (396 SE2d 271) (1990).

---

[1] W. H. was apparently not named as a victim in the indictment because he had left the foster home and was living at a treatment facility in another part of the State when the charges were being investigated.

The expert witness testified as to common characteristics of child sexual abuse syndrome, such as secrecy, delayed disclosure, helplessness, and accommodation. He offered no opinion, however, as to whether the victims in this case were being truthful. He left that determination for the jury. Since "[l]aymen would not understand this syndrome without expert testimony, nor would they be likely to believe that a child who denied a sexual assault, or who was reluctant to discuss an assault, in fact had been assaulted," (*Allison*, supra, 256 Ga. at 852 (2)), the trial court did not err in permitting the expert witness to testify on this matter.

4. McCoy also claims that her trial counsel provided ineffective assistance by: (i) failing to move for a directed verdict as to the statutory rape charge, (ii) failing to request a curative instruction following a comment made by a prospective juror during jury selection, (iii) failing to call or sufficiently investigate certain witnesses, and (iv) not being sufficiently prepared for trial.

To establish ineffective assistance of counsel, McCoy was required to show that her counsel's performance was deficient, that the deficiency prejudiced her defense, and that a reasonable probability exists that the result of the trial would have been different but for that deficiency. *Vanholten v. State*, 271 Ga. App. 782, 783 (2) (610 SE2d 555) (2005). The trial court's determination with respect to counsel's effectiveness will be upheld on appeal unless clearly erroneous. *Jackson v. State*, 209 Ga. App. 53, 56 (7) (432 SE2d 649) (1993). Since evidence supported the trial court's conclusion that McCoy's counsel provided effective assistance, the trial court did not err in denying her motion for new trial on this ground.

(a) McCoy claims that her counsel was ineffective in failing to move for a directed verdict as to the statutory rape charge because the State failed to prove venue. The record shows, however, that the statutory rape occurred in the family home in Dublin, and the State previously established that the family's Dublin home was located in Laurens County. Consequently, had trial counsel raised the question of venue on the statutory rape charge, denial of the motion for a directed verdict would have been proper. The failure to raise a meritless motion for a directed verdict, as a matter of law, is not ineffective assistance of counsel. See *Williams v. State*, 270 Ga. App. 845, 846 (1) (b) (608 SE2d 310) (2004).

(b) McCoy also claims that her counsel was ineffective for failing to request a curative instruction when, during jury selection, a prospective juror stated that "[i]f Brad [(an investigator with the Laurens County Sheriff's Department)] is involved in this case, . . . I would believe whatever he says." The prospective juror was later questioned outside the presence of the other jurors, and, at the request of McCoy's counsel, the prospective juror was excused for

cause by the trial court. Pretermitting the question whether trial counsel should have moved for a curative instruction, we hold that evidence supported the trial court's conclusion that no harm resulted from the prospective juror's comment.

The comment was not made about the defendant, but about an individual whose only testimony was at a hearing outside the presence of the jury. Moreover, at counsel's request, the juror was excused for cause. Evidence supported the trial court's conclusion that counsel's failure to request a curative instruction did not prejudice McCoy's defense. See, e.g., *Barner v. State*, 263 Ga. 365, 368 (5) (434 SE2d 484) (1993).

(c) McCoy also claims that her counsel was ineffective for failing to sufficiently prepare for trial and failing to call or interview certain potential witnesses. Despite the testimony of McCoy's husband that she only met with her trial counsel twice, this Court has held that "there exists no magic amount of time which a counsel must spend in preparation for trial in order to provide a client with adequate counsel." (Citation and punctuation omitted.) *Vanholten*, supra, 271 Ga. App. at 783 (2) (a).

Moreover, "[i]n evaluating an attorney's performance, there is a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. Where trial counsel does not testify at the motion for new trial hearing, it is extremely difficult to overcome this presumption." (Citations and punctuation omitted.) *Wilson v. State*, 277 Ga. 195, 200 (586 SE2d 669) (2003). Despite McCoy's claim that her trial counsel should have called additional character witnesses, trial counsel did not testify at the motion for new trial and may have determined that such witnesses would detract from the character-related testimony offered at trial by McCoy's pastor. See *Baker v. State*, 251 Ga. App. 377, 379 (554 SE2d 324) (2001) (speculating that trial counsel "may have located and interviewed the witness and determined that his testimony was unhelpful"). We will not second-guess trial counsel's strategy and tactics, as such matters "do not equate with ineffective assistance. [Cit.]" Id. at 378 (2).

5. Finally, McCoy claims that the trial court erred by not, sua sponte, providing a curative instruction as to the prospective juror's opinion regarding the truthfulness of the investigator, and in allowing the jury to consider the charge of statutory rape. These claims were not raised in the trial court, however, and are thus waived on appeal. *Dukes v. State*, 273 Ga. 890, 892 (3) (a) (548 SE2d 328) (2001). Moreover, even if they had been properly raised, these allegations are without merit. See Divisions 4 (a) and (b), supra.

*Judgment affirmed. Johnson, P. J., and Ellington, J., concur.*

DECIDED MARCH 27, 2006.

*George C. Tapley*, for appellant.

*Louie C. Fraser, District Attorney, Terry F. Holland, Assistant District Attorney*, for appellee.