## A08A2091. DANIELS v. THE STATE.
(676 SE2d 13)

BERNES, Judge.

Following a jury trial, Freeman Daniels was convicted of aggravated assault, false imprisonment, possession of a firearm during the commission of a crime, and possession of a firearm by a convicted felon. On appeal, Daniels contends that the trial court erred (1) in failing to appoint him counsel prior to the date of trial, (2) in denying his motions for continuance and for withdrawal of his demand for a speedy trial, (3) in sentencing him as a recidivist when the state allegedly served untimely notice of its intent to seek recidivist punishment, and (4) in denying his motion to suppress the pretrial identification evidence. Daniels further contends that his trial counsel provided ineffective assistance.[1] We discern no error and affirm.

Viewed in the light most favorable to the verdict,[2] the evidence shows that the victim had been visiting a local park and was walking toward her car when she was confronted by Daniels, who asked her for a cigarette and also to use her cell phone. The victim complied with Daniels's requests and continued walking toward her car. When the victim opened her car door, Daniels held a gun to her back and demanded that she get inside. The victim immediately got into the car after which Daniels grabbed her keys, started the car, and began to drive away from the park. The victim screamed and tried to get out of the car, but the doors were locked. Daniels pointed the gun at

---

[1] Daniels has asserted several enumerations of error which are not supported by citations to the record, citation of authority, or argument. Those claims are deemed abandoned pursuant to Court of Appeals Rule 25 (c) (2). See *Gardner v. State*, 289 Ga. App. 359, 359-360 (657 SE2d 288) (2008).

[2] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

the victim's head and threatened to kill her if she did not "shut up and be quiet." Daniels also forcibly restrained the victim from getting out of the car.

Daniels asked the victim for money, but after the victim showed Daniels that she did not have any money in her possession, he let her out of the car and drove away.

The victim reported the crimes to the police. When the responding officer arrived at the scene, the victim gave him a description of Daniels and her car. The officer sent out a "be on the lookout" call, describing the stolen car to other law enforcement officers. An investigating detective also placed a report of the stolen car in the National Crime Information Center system.

Approximately one and one-half months later, Paulding County police officers saw Daniels driving the car and attempted to stop him. Daniels led the officers on a high-speed chase, then exited the car and fled on foot. Daniels was apprehended during the chase, and the victim's car was recovered.

A DeKalb County detective subsequently created a six-person photographic lineup, which included Daniels's photograph. When the lineup was shown to the victim, she immediately identified Daniels as the perpetrator. The victim also positively identified Daniels as the perpetrator at trial.

Daniels testified in his own defense at trial. He admitted that he had stolen the victim's car, but claimed that the victim was not present when he stole the car and that he did not use a weapon or harm the victim. According to Daniels, he took the car for a joyride after finding the car unlocked with its keys in the ignition.

Following the presentation of the trial evidence, the jury found Daniels guilty of the charged crimes.

1. Daniels contends that the trial court erred by denying him his right to counsel until the day of trial. Daniels's claim is not supported by the record.

The record shows that Daniels was represented at trial by a public defender and that his office had established contact with Daniels regarding the case as early as April 19, 2005.[3] Another public defender represented Daniels at the preliminary hearing held on June 2, 2005. After the hearing, the office lost contact with Daniels and had difficulty locating him because of Daniels's use of several aliases. Nevertheless, at least two weeks prior to trial, Daniels's trial counsel re-established contact with Daniels and twice met with him

---

[3] The crimes occurred in September 2004. The trial did not take place until February 2006, but in the meantime, Daniels was prosecuted in Paulding County for theft of the car.

to discuss the case and prepare the defense. Thus, Daniels's claim that he was denied counsel until the day of trial is simply not true.

And, to the extent that Daniels complains about a lack of further contact with trial counsel, he has shown no harm. His claim therefore affords no basis for reversal. See *Defrancisco v. State*, 289 Ga. App. 115, 118 (1) (c) (656 SE2d 238) (2008); *Kervin v. State*, 178 Ga. App. 601, 606 (3) (344 SE2d 441) (1986) ("[H]arm as well as error must appear in order to warrant a new trial.").

2. Daniels also contends that the trial court erred in denying trial counsel's motions for continuance and to withdraw Daniels's pro se speedy trial demand. When trial counsel argued these motions in the trial court, Daniels insisted upon the trial going forward in accordance with his speedy trial demand and opposed trial counsel's requests for a continuance. Thus, any error in the denial of these motions was induced by Daniels's own conduct and he cannot now complain of it on appeal. "[O]ne cannot complain of a result he procured or aided in causing, and induced error is not an appropriate basis for claiming prejudice." (Citation and punctuation omitted.) *Borders v. State*, 285 Ga. App. 337, 340-341 (2) (646 SE2d 319) (2007). See, e.g., *Jefferson v. State*, 209 Ga. App. 859, 861 (1) (434 SE2d 814) (1993) ("A defendant may not refuse to cooperate with appointed counsel and then claim he was not effectively represented.").

Moreover, while trial counsel asserted he needed additional time to prepare for trial, "[m]otions for continuance based on [this] ground[ ] are addressed to the sound discretion of the trial court." *Bearden v. State*, 159 Ga. App. 892 (2) (285 SE2d 606) (1981). "Mere shortness of time does not by itself show a denial of the rights of the accused, and mere shortness of time will not reflect an abuse of the trial court's discretion in denying a continuance, where the case is not convoluted and is without a large number of intricate defenses." (Citations and punctuation omitted.) *In the Interest of S. U.*, 232 Ga. App. 798, 800 (1) (503 SE2d 66) (1998). Here, the state's case was straightforward and was not convoluted. Daniels's trial counsel was familiar with the case, had discussed the case and the defense with Daniels, had reviewed the state's entire file, and had prepared a pretrial motion to suppress, an opening statement, and examination questions for trial. Daniels had not informed his trial counsel of any other witnesses or defenses that could have been presented on his behalf. Under these circumstances, the trial court did not abuse its discretion in denying the motion for a continuance. See *In the Interest of S. U.*, 232 Ga. App. at 800 (1); *Bragg v. State*, 172 Ga. App. 133, 134 (322 SE2d 337) (1984); *Bearden*, 159 Ga. App. at 892-893 (2).

YALE LAW LIBRARY

3. Daniels further argues that the trial court erred in sentencing him as a recidivist because the state did not serve notice of its intent to seek recidivist punishment until the morning that the case was called for trial. Daniels claims that the notice, which was served prior to the jury being sworn, was untimely.

"If the [s]tate intends to introduce evidence that defendant is a recidivist for sentencing purposes, it must notify defendant of any conviction it intends to use in aggravation of punishment pursuant to OCGA § 17-10-2 (a)." (Citation and punctuation omitted.) *Hatcher v. State*, 224 Ga. App. 747, 750 (2) (a) (482 SE2d 443) (1997). "This [c]ourt has previously held that notice received prior to the jury's being sworn is sufficient to satisfy the requirement of the statute." *Jenkins v. State*, 235 Ga. App. 547, 549 (3) (a) (510 SE2d 87) (1998). Because Daniels received timely notice of the state's intention to seek recidivist punishment, no error has been shown. Id.; *Williams v. State*, 162 Ga. App. 120, 120-121 (2) (290 SE2d 341) (1982).

4. Next, Daniels contends that the trial court erred in denying his motion to suppress evidence of the victim's identification of him in a pretrial photographic lineup. He argues that the identification procedure was impermissibly suggestive.

The photographic lineup consisted of photographs of six males of the same race and of similar complexion, age, facial hair, and hairstyle. Daniels nonetheless complains that he was the only person depicted wearing a light-colored shirt. But, "photo lineups [are] not impermissibly suggestive when the defendant's clothing differed from the others' in some respect, [when] the witnesses had not described the perpetrator as wearing the clothing the defendant wore when he was identified." (Citations and punctuation omitted.) *Cooper v. State*, 281 Ga. 760, 761 (2) (642 SE2d 817) (2007). The color of Daniels's shirt in the lineup did not match the victim's prior description of his clothing worn at the time of the incident. As such, the difference in Daniels's shirt in the lineup was not significant and did not render the lineup impermissibly suggestive. Id.

Furthermore, the detective and victim both testified that the detective did not make any suggestions as to whether the suspect was depicted in the lineup or which individual to pick in the lineup. The detective read the victim instructions prior to her view of the lineup to ensure that her identification was solely based upon her independent recollection. The victim immediately identified Daniels as the perpetrator in the lineup, and identified him again at trial, stating that she would "never forget a face that traumatize[d] [her] like that."

There also is no merit to Daniels's speculation that the victim may have seen him when he was in custody in Paulding County. The

victim testified that she was not shown any photos or suspects to identify when she went to Paulding County to retrieve her car. She further confirmed that the only lineup she viewed was the one shown by the DeKalb County detective.

The trial court, therefore, was authorized to conclude that there was no impermissible suggestiveness in the pretrial identification procedure. The denial of Daniels's motion to suppress the identification evidence was proper. See *Cooper*, 281 Ga. at 760-761 (2); *Heard v. State*, 210 Ga. App. 805, 806 (2) (437 SE2d 496) (1993).

5. Lastly, Daniels claims that his counsel provided ineffective assistance. To establish a claim of ineffective assistance of counsel, Daniels must show that his counsel's performance was deficient, and that the deficiency prejudiced his defense such that there is a reasonable probability that the outcome of the proceedings would have been different. See *Hodnett v. State*, 269 Ga. 115, 119 (6) (498 SE2d 737) (1998); *McCoy v. State*, 278 Ga. App. 492, 494 (4) (629 SE2d 493) (2006). See also *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984). "We must affirm a trial court's finding that a defendant has not been denied effective assistance of counsel unless it is clearly erroneous." (Citations and punctuation omitted.) *Bogan v. State*, 249 Ga. App. 242, 244 (2) (547 SE2d 326) (2001).

(a) Daniels first alleges that his trial counsel was ineffective in that he was unprepared for trial. He complains that trial counsel had only met with him briefly before trial and had not interviewed any of the witnesses.

Notwithstanding Daniels's claims, he has failed to establish that his counsel was ineffective. "[T]here [is] no magic amount of time which a counsel must spend in preparation for trial in order to provide a client with adequate counsel." (Citation and punctuation omitted.) *McCoy*, 278 Ga. App. at 495 (4) (c). See also *Razor v. State*, 259 Ga. App. 196, 199 (5) (a) (576 SE2d 604) (2003). Although trial counsel had not interviewed the witnesses prior to trial, he had read the witnesses' statements and had reviewed the state's entire file containing information about the case. Trial counsel had prior experience trying cases involving the same charges that Daniels faced, was familiar with the applicable law, and was not surprised by any of the evidence presented at the trial. Under these circumstances, Daniels had failed to establish that his counsel provided deficient performance as a result of inadequate trial preparation. See *McCoy*, 278 Ga. App. at 495 (4) (c); *Bogan*, 249 Ga. App. at 244-245 (2) (a).

Daniels further has failed to show what evidence or defenses could have been presented if his counsel had spent more time in preparation. While Daniels claims that his counsel failed to pursue a

defense that he was mentally ill, no competent evidence was admitted to establish that he was in fact mentally ill. Trial counsel testified that Daniels communicated well with him and did not show signs of mental illness. Moreover, Daniels testified cogently at trial. Trial counsel was not ineffective in failing to pursue a defense of mental illness when such illness was neither manifest nor brought to trial counsel's attention in a timely manner. See *Breland v. State*, 285 Ga. App. 251, 253-254 (2) (648 SE2d 389) (2007); *Gibson v. State*, 239 Ga. App. 572, 572-573 (b) (521 SE2d 599) (1999). "Effectiveness is not judged by hindsight or by the result." (Citations, punctuation and emphasis omitted.) *Gibson*, 239 Ga. App. at 573 (b). Daniels's claim must fail since he "has not demonstrated in any manner that counsel's preparation resulted in professional error or that counsel could have done anything differently which would have produced a more favorable outcome at trial." *Hodnett*, 269 Ga. at 119 (6). See also *Razor*, 259 Ga. App. at 199-200 (5) (a); *Sewell v. State*, 229 Ga. App. 685, 689 (1) (d) (494 SE2d 512) (1997).

(b) Daniels next contends that trial counsel rendered ineffective assistance when he failed to object to the prosecutor's opening statement and to witness testimony suggesting that he had a prior criminal history.

Daniels did not question his trial counsel about these matters at the motion for new trial hearing. Without trial testimony, there is no evidence in the record as to why counsel did not object. "[D]ecisions of when and how to raise objections are generally matters of trial strategy." *Holmes v. State*, 271 Ga. App. 122, 124 (3) (608 SE2d 726) (2004). Because Daniels made no affirmative showing that the purported deficiencies were indicative of ineffectiveness rather than examples of conscious and deliberate trial strategy, the trial court was authorized to reject these allegations. See *Sanders v. State*, 283 Ga. 372, 374 (2) (a) (659 SE2d 376) (2008); *Holmes*, 271 Ga. App. at 124 (3).

Moreover, our review of the record reveals that Daniels's claim mischaracterizes the prosecutor's opening statement. The part of the opening statement of which Daniels complains did not make any reference to Daniels's prior criminal history. Rather, the prosecutor stated that the officers were able to confirm Daniels's identity, despite his use of aliases, by checking an information database. This statement did not suggest that Daniels had a prior conviction. As such, trial counsel was not required to interpose a futile objection. See *Patterson v. State*, 259 Ga. App. 630, 634 (4) (577 SE2d 850) (2003); *Mann v. State*, 240 Ga. App. 809, 811 (2) (524 SE2d 763) (1999).

Likewise, the witness testimony cited by Daniels does not suggest that he had a prior criminal history. Rather, this testimony

was admitted to show that after the crimes were committed, Daniels used the victim's cell phone to call telephone numbers listed in Daniels's jail records as his home and emergency contact.[4] During cross-examination, trial counsel elicited testimony which clarified that the jail records at issue arose from Daniels's arrest in this case, and negated any inference that the records related to any prior arrests. Thus, no harmful error has been shown from trial counsel's failure to object on this ground. See *Patterson*, 259 Ga. App. at 634 (4); *Mann*, 240 Ga. App. at 811 (2).

(c) Daniels also argues that his trial counsel was deficient for failing to object to the prosecutor's opening statement describing the circumstances of Daniels's arrest. Again, no deficient performance has been shown.

"All circumstances [connected] with an accused's arrest are admissible if they are shown to be relevant." *Sweet v. State*, 278 Ga. 320, 325 (7) (602 SE2d 603) (2004). Daniels was arrested after he fled from police in the victim's car. His possession of the car and his subsequent flight were circumstances from which the jury could infer his guilt of the charged crimes and were thus relevant and admissible. Because the prosecutor's opening statement outlining this evidence was proper, Daniels's trial counsel was not deficient for failing to interpose an objection.

(d) Daniels also claims that trial counsel rendered ineffective assistance by failing to object to the admission of the victim's cell phone records. He argues that the records were objectionable since they had not been disclosed during discovery as required by *Brady v. Maryland*, 373 U. S. 83 (83 SC 1194, 10 LE2d 215) (1963). Daniels is incorrect.

> There is no general constitutional right to discovery in a criminal case and *Brady* did not create [one]. *Brady* is not violated when the *Brady* material is available to the defendant during trial. . . . Furthermore, *Brady* does not compel the state to disclose inculpatory evidence.

(Citations and punctuation omitted.) *Daniel v. State*, 189 Ga. App. 835 (377 SE2d 914) (1989). The victim's cell phone records were inculpatory and thus were not subject to discovery under *Brady*.

(e) Daniels contends that his trial counsel was ineffective for failing to object to the prosecutor's opening statement and witness

---

[4] Following the incident, Daniels still had possession of the victim's cell phone. When the victim called her cell phone, Daniels answered it. He used the cell phone to contact his relatives as well as the victim's friends.

testimony referring to the incident as an armed robbery. Daniels did not question trial counsel regarding this matter at the motion for new trial hearing. As such, there is no evidence in the record as to why counsel did not object, and Daniels has failed to make an affirmative showing that the purported deficiencies were not the result of trial strategy. See *Sanders*, 283 Ga. at 374 (2) (a); *Holmes*, 271 Ga. App. at 124 (3).

But, even if trial counsel's failure to object was the result of a mistake, Daniels has shown no prejudice from this alleged deficiency. We agree that the state's reference to the incident as an armed robbery was improper since the state was not pursuing an armed robbery charge. However, there has been no showing that the jury was confused about the charges presented for its determination. The trial court instructed the jury in detail as to the charges involved. Trial counsel also specified the charges at issue in his opening statement and closing argument. Under these circumstances, Daniels has not shown that but for trial counsel's alleged mistake, there was a reasonable probability that the outcome of trial would have been different. Daniels therefore cannot prevail on his ineffectiveness claim. See *Adams v. State*, 276 Ga. App. 319, 324-325 (6) (b) (623 SE2d 525) (2005); *Overstreet v. State*, 182 Ga. App. 809, 811 (2) (357 SE2d 103) (1987).

(f) Daniels also claims that trial counsel erred in admitting in his opening statement that the victim identified Daniels in a pretrial photographic lineup. When questioned about this issue, trial counsel explained that his admission was a matter of trial strategy, and that he believed this concession would bolster the defense's credibility on matters that were contested. Daniels has not shown that trial counsel's strategy was patently unreasonable. See *Mallon v. State*, 266 Ga. App. 394, 396 (2) (597 SE2d 497) (2004). This is particularly true in view of the fact that Daniels took the stand and admitted that he had stolen the victim's car, thereby removing any question as to his identity as the perpetrator. Daniels has failed to show any error in or prejudice arising from trial counsel's action. See *Willingham v. State*, 241 Ga. App. 509, 510 (2) (527 SE2d 232) (1999).

(g) Daniels further argues that trial counsel failed to effectively cross-examine witnesses. But, he has not shown which witnesses were not effectively examined or the manner in which any cross-examination was ineffective. "The scope of cross-examination is grounded in trial tactics and strategy, and will rarely constitute ineffective assistance of counsel." *Simpson v. State*, 277 Ga. 356, 359 (4) (b) (589 SE2d 90) (2003). Because Daniels has failed to point to any evidence in support of his argument, his claim fails. Id.

(h) Daniels claims that trial counsel was ineffective in failing to counsel him regarding his election to testify at trial. But, Daniels

failed to question trial counsel regarding this matter at the hearing on his motion for new trial. Daniels also failed to testify at the hearing. Thus, there is simply no evidence in support of his claim. "Absent a proffer of the necessary evidence to support these claims, [Daniels's] claim of ineffective assistance of trial counsel fails." *Spear v. State*, 271 Ga. App. 845, 847 (2) (610 SE2d 642) (2005). See, e.g., *Slade v. State*, 267 Ga. 868, 869 (2) (485 SE2d 726) (1997) (a party must proffer into evidence the testimony or documents upon which he relies in support of his claim); *Dawson v. State*, 258 Ga. 380, 381 (3) (369 SE2d 897) (1988) (if the claim of ineffectiveness relates to matters outside of the record, testimony is needed to address the claim).

(i) Lastly, Daniels claims that his trial counsel erroneously failed to request a directed verdict of acquittal. Daniels's claim is refuted by the record. Trial counsel did move for a directed verdict of acquittal. This claim is patently without merit.

*Judgment affirmed. Andrews, P. J., and Doyle, J., concur.*

DECIDED MARCH 20, 2009.

*Randall K. Strozier III*, for appellant.
*Gwendolyn Keyes Fleming, District Attorney, Barbara B. Conroy, Assistant District Attorney*, for appellee.