A09A2295. McINTYRE v. THE STATE.
(691 SE2d 663)

BERNES, Judge.

A jury convicted James Jerome McIntyre of child molestation, OCGA § 16-6-4 (a) (1). The trial court denied his motion for new trial. On appeal, McIntyre contends that the evidence was insufficient to sustain his conviction. He further argues that the trial court abused its discretion by failing to grant a continuance to allow

additional time for his trial preparations and erred by allowing a detective to testify using notes that had not been disclosed during discovery. For the reasons that follow, we affirm.

1. On appeal from a criminal conviction, we view the evidence in the light most favorable to the jury's verdict, and the defendant is no longer afforded a presumption of innocence; we do not weigh the evidence or determine witness credibility. See *Daniel v. State*, 296 Ga. App. 513 (1) (675 SE2d 472) (2009). "As long as there is some evidence, even though contradicted, to support each necessary element of the state's case, this Court will uphold the jury's verdict." Id. See also *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

So viewed, the trial evidence shows that on June 15, 2005, the Stephens County Sheriff's Office was called to the victim's residence to investigate an allegation of child molestation. The four-year-old female victim had disclosed to her mother that McIntyre, a neighbor, had touched her vagina. The responding officer spoke to the victim's mother and McIntyre regarding the allegation.

On the following day, the victim was interviewed by an employee of the Stephens County Department of Family and Children Services ("DFACS"), who had been trained to conduct forensic interviews for child sex abuse cases. The victim's interview was videotaped and recorded, while the investigating detective observed from an outside room. Although the victim initially denied that she had been touched inappropriately, she later disclosed that McIntyre had "put his fingers in her tut[i] . . . and that it hurt." Using a diagram to identify her body parts, the victim pointed to the vagina as the place where McIntyre had touched her. The victim also stated that McIntyre had told her not to tell anyone, but she nevertheless disclosed the incident to her mother.

The investigating detective obtained a search warrant authorizing the seizure of McIntyre's fingernail clippings for DNA testing. A buccal swab also was taken from the victim. Testing of the evidence by a forensic biologist at the GBI Crime Lab revealed that the victim's DNA and skin cells were present in McIntyre's fingernail clippings. The forensic biologist testified that although she could not conclusively determine how the victim's skin cells had been transferred onto the fingernail sample, the test results were consistent with the allegation that McIntyre had placed his finger inside the victim's vagina.

The victim was called to testify as a witness at trial. In response to the attorneys' questions during direct and cross-examination, the victim mostly gave nonverbal responses, merely nodding or shaking her head and indicating that she did not want to talk about the molestation incident. When asked, "[d]id [McIntyre] ever do any-

thing to you?," the victim shook her head negatively in a nonverbal response.

Notwithstanding the victim's trial testimony, the evidence is otherwise sufficient to support the jury's verdict. OCGA § 16-6-4 (a) (1); *Amerson v. State*, 268 Ga. App. 855 (1) (602 SE2d 857) (2004). "[A]ny inconsistencies between the victim's trial testimony and her out-of-court statements were issues of witness credibility that were solely within the province of the jury and play no part in this Court's sufficiency of the evidence review." (Citation and punctuation omitted.) *Lopez v. State*, 291 Ga. App. 210, 212 (1) (661 SE2d 618) (2008). See also *Simpson v. State*, 282 Ga. App. 456, 457 (2) (638 SE2d 900) (2006) ("[C]onflicts between a videotaped statement and the testimony of the child at trial . . . present a question of credibility of the witness to be resolved by the trier of fact.") (citation and punctuation omitted).

2. McIntyre further contends that the trial court erred in denying a continuance to allow his trial counsel additional time to prepare for trial. We discern no error.

The record reflects that McIntyre was represented by the Mountain Judicial Circuit's Office of the Public Defender. In the earlier stages of the case, McIntyre's trial counsel prepared and filed pretrial discovery motions on McIntyre's behalf. The case was later assigned to another public defender, who subsequently became ill and was excused from the case for medical reasons. The case was then reassigned to trial counsel approximately four days before trial.

Prior to the trial's commencement, McIntyre's trial counsel announced that he had been trying to prepare for the trial, but could not say that he was "ready to go." Trial counsel, however, did not present a motion for a continuance.[1] Rather, trial counsel confirmed that he had reviewed all of the discovery and statements in his file and further announced, "if Your Honor orders me to go[,] I will go to trial[.]" The trial court stated that the trial would proceed.

"Our review of the record reveals not only that no objection was made to the trial court's failure to order a continuance, but also that no motion for a continuance was ever made before the trial court. Consequently, this issue is procedurally barred." (Footnote omitted.) *Watts v. State*, 265 Ga. 888 (2) (463 SE2d 696) (1995). But even if trial counsel's announcement could be construed as a motion for continuance, no basis for reversal has been shown. "There is no fixed rule as to the number of days that should, of right, be allowed counsel for a

---

[1] The only pretrial motion for continuance appearing of record sought a continuance from the previously set December 10, 2007 trial calendar. The trial took place several months later on March 24-25, 2008.

defendant after his employment or appointment in a criminal case to prepare the case for trial[.]" *Foster v. State*, 213 Ga. 601, 603 (1) (100 SE2d 426) (1957). Motions for continuance seeking additional time to prepare for trial are addressed to the sound discretion of the trial court. See *Daniels v. State*, 296 Ga. App. 795, 797 (2) (676 SE2d 13) (2009). "Mere shortness of time does not by itself show a denial of the rights of the accused, and mere shortness of time will not reflect an abuse of the trial court's discretion in denying a continuance, where the case is not convoluted and is without a large number of intricate defenses." (Citation and punctuation omitted.) Id. Here, the state's case was not convoluted, notwithstanding its presentation of expert testimony regarding the victim's forensic interview and the DNA testing. McIntyre's trial counsel was familiar with the case; had reviewed all of the discovery and materials in the defense file; had reviewed the videotape of the victim's interview multiple times; had prepared voir dire questions for jury selection and requests to charge; and had demonstrated his preparedness through his opening statement and examination of the witnesses at trial.

While McIntyre claims that a continuance would have afforded trial counsel more time to thoroughly prepare his cross-examination of the state's witnesses, he has made no showing that trial counsel's cross-examination was inadequate, nor has he pointed to any additional challenges or defenses that could have been presented on his behalf. Under these circumstances, the trial court did not abuse its discretion in failing to order a continuance from trial. See *Daniels*, 296 Ga. App. at 797 (2); *Bragg v. State*, 172 Ga. App. 133, 134 (322 SE2d 337) (1984); *Nix v. State*, 157 Ga. App. 406, 407 (1) (277 SE2d 768) (1981).

3. Lastly, McIntyre argues that the trial court erred in allowing the investigating detective to testify using notes that had not been provided to his counsel during discovery.

McIntyre had elected to proceed under the reciprocal discovery provisions of OCGA § 17-16-1 et seq. by serving written notice on the state, as required by OCGA § 17-16-2 (a). He had also requested discovery of "police reports and other law enforcement documents." The state filed a "Certificate of Compliance," indicating its production of a law enforcement incident report and a supplemental report during the exchange of discovery. The state also listed the investigating detective as a witness on its original and revised witness lists.

At trial, when the investigating detective was observed referring to his notes during his examination, trial counsel stated, "Your Honor, . . . we're gonna need to see those [notes]" and asserted that he had not received the detective's reports in discovery. The trial court ruled that trial counsel would be afforded the opportunity to review the detective's notes or reports prior to his cross-

examination. Trial counsel made no further comments regarding the issue; he did not request a continuance or move to exclude the detective's testimony.

If the state fails to comply with reciprocal discovery requirements, the trial court is vested with broad discretion in fashioning a remedy, including allowing defendant the opportunity to inspect the evidence or interview the witness, granting a continuance, or excluding the evidence upon a showing of prejudice and bad faith. See OCGA § 17-16-6; *Bennett v. State*, 289 Ga. App. 110, 112-113 (1) (657 SE2d 6) (2008). In this case, McIntyre requested only that he be given an opportunity to review the detective's notes, an opportunity which the trial court granted. Because McIntyre did not request any further relief, we must assume that he was satisfied with the remedy afforded. See *Vega v. State*, 285 Ga. 32, 34 (2) (673 SE2d 223) (2009). Accordingly, this allegation of error is without merit.

*Judgment affirmed. Smith, P. J., and Phipps, J., concur.*

DECIDED MARCH 10, 2010.

*Drew W. Powell*, for appellant.

*Richard K. Bridgeman, District Attorney, Brian M. Rickman, Assistant District Attorney*, for appellee.