A02A2267. CLARK v. THE STATE.
(578 SE2d 184)

JOHNSON, Presiding Judge.

This is an appeal from the denial of a motion for discharge and acquittal due to a violation of the right to a speedy trial. The trial court denied the motion based on its finding that the accused had waived her speedy trial demand by failing to appear for trial. The trial court's finding is erroneous because the accused was not given proper notice of the trial and there is no evidence that she took any affirmative action waiving her trial demand. We therefore reverse the trial court's ruling.

On August 16, 2001, during the July term of Gwinnett County Superior Court, Martina Clark was indicted by the Gwinnett grand jury for theft by taking an automobile and theft by receiving a stolen automobile, arising out of her alleged failure to timely return her roommate's car. The next regular term of court began on September 10, 2001.[1] During that September term, on October 18, 2001, Clark appeared in court, without an attorney, for her arraignment. The judge did not proceed with the arraignment, but continued the case until the next arraignment calendar on November 21, 2001, so that Clark could hire an attorney.

On October 29, 2001, still during the September term of court, Clark filed a pro se speedy trial demand. A few days later the September term ended, and the next court term started on Monday, November 5, 2001. That first day of the November term, the trial judge's secretary tried to reach Clark on the telephone to tell her that her trial would be held the next day, Tuesday, November 6, 2001. But the secretary did not reach Clark, so she left a message with Clark's answering service, telling her to appear for trial the next morning. Clark did not appear in court on November 6, and the court then issued a bench warrant for her arrest.

On November 9, 2001, Clark voluntarily came to court and told the judge that she had not appeared on the morning of November 6 because she had not known about the trial. She said that she did not get the secretary's message on November 5 because she had not

---

[1] OCGA § 15-6-3 (20) provides that the Gwinnett County terms of court commence on the first Monday in January, March, May, July and November, and on the second Monday in September.

checked her telephone messages until sometime on November 6. After hearing the message, she called the court to explain her absence, and eventually learned about the bench warrant.

During that November 9 hearing, the judge ruled that she would recall the bench warrant since Clark had voluntarily come to court, but she further found that Clark had waived her right to a speedy trial by failing to appear when the case was called for trial on November 6. The judge told Clark to next appear for her still-scheduled arraignment on November 21.

The November term of court ended on January 4, 2002, and counsel was appointed to represent Clark on January 29, 2002. On February 8, 2002, the trial court entered its order, nunc pro tunc to November 9, 2001, finding that Clark had waived her right to a speedy trial. Clark subsequently moved for discharge and acquittal on the grounds that she had not waived her demand for a speedy trial and had not been tried within the time period required by her demand.

Thereafter, Clark and the state stipulated, among other things, that there were at least 30 jurors available to try Clark's case through the end of the September court term, the term in which Clark had filed her speedy trial demand. The parties further stipulated that there were also at least 30 jurors available for a trial through the end of the following November court term.

The trial court considered the stipulation and the prior finding that Clark had waived her trial demand, and denied Clark's motion for discharge and acquittal. Before the case proceeded to trial, Clark filed this direct appeal from the denial of her motion.[2]

Any person indicted for a noncapital offense may enter a demand for trial during the court term when the indictment was filed or during the next regular court term.[3] If the person is not tried when the demand is made or during the next regular court term, provided that juries were impaneled and qualified for trial during both court terms, then the person shall be absolutely discharged and acquitted of the offense charged in the indictment.[4]

In the instant case, Clark was indicted during the July 2001 term of court, and timely filed her demand for trial during the next regular term of court, the September 2001 term. Since the parties have stipulated that jurors were available for trial during both the September 2001 court term and the following November 2001 term, Clark should have been tried during one of those terms. She was not,

---

[2] *Callaway v. State*, 275 Ga. 332 (567 SE2d 13) (2002) (defendant may directly appeal from pre-trial denial of speedy trial claim).

[3] OCGA § 17-7-170 (a).

[4] OCGA § 17-7-170 (b).

however, brought to trial within those terms, and therefore she must be absolutely discharged and acquitted of the indicted charges unless she somehow waived her speedy trial demand.

A criminal defendant may waive the right to an automatic discharge and acquittal by some action on her part which results in a failure to try the case within the time required.[5] A demand for trial may be waived by a continuance granted on the defendant's motion or by any other act showing affirmatively that the accused has consented to passing the case to a later term of court.[6] The state has the burden of showing that the defendant took such affirmative action waiving the speedy trial demand.[7]

The state in this case attempts to meet its burden by relying on the trial court's finding that Clark's failure to appear for trial on November 6, 2001, was an affirmative act waiving her demand. But in a noncapital case, the absence of a criminal defendant from the call of her case for trial is not, per se, a waiver of her trial demand.[8] And in this case, Clark's nonappearance cannot be deemed an attempt to affirmatively avoid trial since she was not given adequate notice of the trial.[9]

Uniform Superior Court Rule 32.1 requires a trial judge to prepare a criminal trial calendar, deliver a copy of it to the court clerk and, not less than seven days before the trial date, give notice in person or by mail to counsel and the defendant at the last address indicated in court records.[10] Compliance with USCR 32.1 must be judged under the circumstances of each case.[11] And if compliance with the rule's notice requirement would cause a violation of the defendant's right to a speedy trial, then a trial court does not abuse its discretion in proceeding to trial in accordance with the speedy trial demand.[12]

Based on the record before us, we can only conclude that the trial court did not comply with USCR 32.1. The record contains no indication that a trial calendar was prepared and no proof of written notice having been given to Clark, and the state makes no claim that there was either a calendar or written notice. Rather, the record establishes that the only notice given to Clark was the telephone message left by the judge's secretary the day before the trial. Moreover, there

---

[5] *Ballew v. State*, 211 Ga. App. 672, 673 (440 SE2d 76) (1994).

[6] Id.

[7] Id.

[8] *McKnight v. State*, 215 Ga. App. 899, 903-904 (3) (453 SE2d 38) (1994).

[9] See *Riley v. State*, 212 Ga. App. 519, 520 (442 SE2d 7) (1994) (where defendant's case was not on trial calendar but was called for trial, defendant's nonappearance did not waive speedy trial demand).

[10] *Kellibrew v. State*, 239 Ga. App. 783, 784 (2) (521 SE2d 921) (1999).

[11] Id.

[12] Id.

is no evidence in the record to contradict Clark's claim that she did not in fact hear that message until after the time of the scheduled trial.

Judged under the circumstances of this case, the court's noncompliance with the notice provision of USCR 32.1 was wholly inadequate because the court had ample time to comply with that rule while still meeting the time requirements of Clark's speedy trial demand. As stipulated to by the parties, jurors were available to try Clark's case every week except for one from the time she filed her demand on October 29, 2001, until the week of December 17, 2001. Under those circumstances, the court had sufficient time to set a trial calendar, give Clark proper notice of the trial and still meet the speedy trial demand by holding the trial before the November term's end on January 4, 2002.[13]

Because this is not a case in which the court had to ignore the mandates of USCR 32.1 in order to meet Clark's speedy trial demand, the court's noncompliance with that rule was an abuse of discretion. And Clark's failure to appear for a trial that she was not adequately notified of does not amount to an act affirmatively waiving her speedy trial demand. Because she did not waive her demand, and because she was not tried during the two terms of court as required by that demand, she is hereby discharged and acquitted of the indicted offenses.

*Judgment reversed. Blackburn, P. J., and Mikell, J., concur.*

DECIDED FEBRUARY 11, 2003.

*G. Richard Stepp*, for appellant.
*Daniel J. Porter, District Attorney, Jeanette J. Fitzpatrick, Assistant District Attorney*, for appellee.

---

[13] See generally *Williams v. State*, 216 Ga. App. 109, 110 (1) (454 SE2d 142) (1995) (defense request for brief continuance not a waiver of speedy trial demand where court still could have held trial within terms required by demand).