## A06A1235. MONFORT v. THE STATE.
(635 SE2d 336)

ADAMS, Judge.

Ronnie Vernodo Monfort appeals his conviction on three counts of armed robbery, three counts of possession of a firearm during the commission of a crime, and one count of theft by receiving. He contends in separate enumerations that the evidence was insufficient to support the three armed robbery convictions, and he contends that one armed robbery conviction was inconsistent with the indictment. Finally, he urges that the court improperly allowed hearsay evidence of identification.

Four men were tried together for their role in the three armed robberies. They were Monfort, Otis Williams, Raymond Brown, and Willie Jones, Jr. Construed in favor of the verdict, the evidence shows that just after noon on August 11, 2004, Julio Suastegui Silva and a friend were in the parking lot of Silva's residence at 1234 Lloyd Drive in Forest Park, Clayton County, working on Silva's truck when a white, four-door truck drove up slowly and stopped behind Silva. Three young black men between the ages of eighteen and twenty-five got out of the truck; one was pointing a rifle at Silva, another moved toward his friend with a small gun, and the third person had a gun as well. The robbers took all of the two victims' belongings, and one of them attempted to take Silva's truck but was unable to do so. Silva described the robbers as wearing baggy pants and big t-shirts, and as having curly, pony-tail hair to their shoulders. Silva testified that he saw the robbers very well, and one month after the robbery, Silva identified one individual out of a photo array as being one of the robbers. The investigating officer testified without objection that Silva identified defendant Williams. Silva could not pick any of the other defendants out of similar arrays. But during the subsequent investigation, Monfort cooperated, and on a drive to the sites of the robberies, Monfort identified the site where Silva was robbed on August 11 and admitted he was there.

On August 12, 2004, at about 7:00 or 8:00 a.m. in Clayton County, Abelardo Velazquez was outside his house when a white car with three black men pulled up near him. The man in the front passenger seat opened his door, pointed a rifle at Velazquez, and then started to search him. The man in the back seat also got out with a rifle. The men took $150, credit cards, and Velazquez's driver's license. His encounter with the men lasted two or three minutes, two of the men were very close to him, and he saw them "very well." About two weeks later, Velazquez picked two men out of a photo lineup as two of the men who robbed him. The investigating officer testified without objection that Velazquez identified Monfort and co-defendant Williams. At the time of that identification, Velazquez told the investigator that he was not

very sure, or about 80 to 90 percent sure of his identification. At trial, Velazquez testified he did not remember the three men very well, including their age. He also testified that he was more certain about one of his identifications than the other. And the one that he was more certain about was co-defendant Williams.

On August 22, 2004, Dario Herrero was driving a cab at about 10:40 in the evening in Clayton County. At one point a car came up behind him, four young black men got out and pointed four guns at him, and then they demanded Herrero's money. The men held Herrero with his head down, and he did not know which man took his money. He testified that he did not get a good look at the men at first, but when they were leaving, he saw two of them and how their hair looked. Officer Sidney Jackson met with Herrero, who related his story, and Jackson called for assistance. Other officers made contact with three suspects who were then produced for a showup identification that occurred about twenty minutes after the incident. Jackson testified without objection that Herrero said that Monfort looks like one of the robbers but he never said positively, that yes, Monfort did that to me. Herrero could not say whether the other two men were involved. At trial on further cross-examination, Herrero was asked, "You can't say for certain who robbed you, can you?" Herrero answered, "No, not really." But Marvin Jones, age nineteen, who pled guilty to the same offenses, testified that on August 22, 2004, he was with the three defendants, including Monfort, riding in a stolen car in Forest Park high on drugs and alcohol. He testified that the four men got out of the car and approached the taxi; Jones saw one gun in use. In addition, Monfort gave a statement to a detective and admitted to being in the vehicle that pulled up behind the taxi cab but claimed that the others had done the robbing.

1. In each case the evidence was sufficient to support the verdicts for armed robbery. Monfort was linked to the Silva and Herrero incidents by his own admission that he was present. And he was identified by Velazquez as one of the men who robbed him. In each case, there was evidence that guns were used and property taken. See OCGA § 16-8-41 (a).

2. Monfort also contends that the Herrero robbery conviction was inconsistent with the indictment because the indictment listed the name of the victim as "Herreroa Gosta" instead of Dario Herrero. But Herrero testified that he also uses the last name "Agosta." "[W]here a variance exists between the victim's name as alleged in the indictment and as proven at trial, . . . the variance is not fatal if the two names in fact refer to the same individual, such as where a mere misnomer is involved or where the variance is attributable to the use

of a nickname or alias by the victim." (Citations omitted.) *Harrison v. State*, 192 Ga. App. 690, 691 (1) (385 SE2d 774) (1989). We find no error.

3. Monfort contends it was error to allow the officer to testify as to who the victims identified in the photo arrays. "[A] police officer's testimony that a witness made an identification in a lineup is hearsay and is not automatically admissible as original evidence to explain the officer's conduct. [Cit.]" *White v. State*, 273 Ga. 787 (546 SE2d 514) (2001). But a law enforcement officer may testify to a pre-trial identification if the person who actually made the identification "testifies at trial and is subject to cross-examination." Id. at 788. We find no error.

*Judgment affirmed. Blackburn, P. J., and Mikell, J., concur.*

DECIDED AUGUST 9, 2006.

*James W. Bradley*, for appellant.
*Jewel C. Scott, District Attorney, Billy J. Dixon, Assistant District Attorney*, for appellee.