A07A0584. THE STATE v. HITCHCOCK.
(645 SE2d 631)

SMITH, Presiding Judge.

Charged with two counts of arson in the second degree for damaging a building and a dumpster by fire, Thomas George Hitchcock filed a demand for speedy trial. When the case was called for trial, the State objected that it did not receive adequate notice of the trial date pursuant to Uniform Superior Court Rule 32.1, and announced that it was not ready to proceed with trial. The trial court disagreed and granted Hitchcock's motion to dismiss the indictment for want of prosecution. The State now appeals from that ruling. We find no error and therefore affirm.

Hitchcock was indicted on June 13, 2006, and charged with two counts of arson. On August 28, 2006, he filed a demand for speedy trial.[1] Therefore, the State had to try Hitchcock no later than November 3, 2006, or he would be absolutely discharged of the offenses by operation of law. See OCGA § 17-7-170 (b) (when demand for speedy trial is made, defendant must be tried during the term the demand is made or during the next succeeding court term).

On Friday, September 8, 2006, the State received notice of the trial calendar setting Hitchcock's trial for the morning of Tuesday, September 12, 2006. On the morning of trial, Hitchcock announced that he was ready for trial, but the State announced "not ready." The prosecutor explained:

[W]e object to the call of this case based on lack of notice under [USCR] 32.1. I did receive notice ... at 3:30 last Friday, the 8th, for the call of the case this morning. . . . I have seen this case one time previously. And that was about two weeks ago. I think I would be derelict in my duty in going forward on a case that I know that I'm not ready on. So we would avail ourselves with the objection of lack of notice at this time.

The State offered no explanation of why it was not ready or how it would be prejudiced by going forward. The trial court responded:

it's my understanding that a speedy trial trumps all notices and therefore when the State indicts a case, the State says that it has all of its ducks in a row and it has enough evidence to try the person. And when the State is served with a speedy trial demand . . . they're put on notice that they are subject to being called in to try the case.

The court stated further: "as a practical matter, State, . . . I don't like . . . forcing people to trial. But when I've got no choice by the speedy trial demands and I'm having to juggle all of these things — and I can't wait until two weeks before the end of . . . the September/October term . . . I've got to reach them."

The court denied the State's request that it comply with USCR 32.1, and stated that it had a large trial calendar to manage with several other cases involving demands for speedy trial. As a result, the trial court ruled, "I'm going to make you to go trial. . . . We can strike a jury today. And it seems to me that this looks like it's a . . . two

---

[1] Hitchcock's demand for speedy trial was filed during the July term of court. See OCGA § 15-6-3 (3) (the terms of court for the Fulton County Superior Court begin on the first Monday in January, March, May, July, September, and November).

or three witness case." The trial court then gave the parties a recess to "work something out on the case."

After the recess, the State announced that the parties could not reach agreement and it was not ready for trial. The State insisted that it was entitled to its seven days notice and refused to go forward with trial. The defense moved to dismiss the case for want of prosecution if the State refused to go forward. The trial court granted the motion stating, "this court has . . . a substantial number of speedy trial cases to manage in addition to its regular caseload, both civil and criminal. And this court cannot wait. . . . [I]t's got to take these cases when it can take them."

On appeal, the State contends that "the trial court's noncompliance with Rule 32.1 and subsequent dismissal of the indictment was an abuse of discretion." USCR 32.1 provides that "[t]he judge or designee shall prepare a trial calendar, shall deliver a copy thereof to the clerk of court, and shall give notice in person or by mail to each counsel of record, . . . not less than 7 days before the trial date or dates." This court has previously held, however, that "compliance with Rule 32.1 must be judged in the circumstances of each case." (Citation and punctuation omitted.) *Kellibrew v. State*, 239 Ga. App. 783, 785 (2) (521 SE2d 921) (1999); see also *Currington v. State*, 270 Ga. App. 381, 386 (3) (606 SE2d 619) (2004). Where "compliance with the notice requirement of USCR 32.1 would cause the State to violate a defendant's right to a speedy trial, a trial court does not abuse its discretion in proceeding to trial in accordance with the defendant's speedy trial demand." (Citation omitted.) *Kellibrew*, supra.

Here, although USCR 32.1 requires that counsel be notified of the trial calendar seven days prior to trial, the State received notice three days before Hitchcock's case was called for trial. So we must determine whether the court had to ignore the mandate of USCR 32.1 in order to meet Hitchcock's speedy trial demand. During the colloquy between the court and counsel, the court explained that, in addition to Hitchcock's case, it had several cases remaining in the term for which a demand for speedy trial had been filed. The court's statements were tantamount to a ruling that its calendar did not allow for Hitchcock's case to be continued within the September term of court, and that therefore Hitchcock's demand for speedy trial could not be met. Control of the trial calendar is vested solely with the trial court. See, e.g., *State v. Wooten*, 273 Ga. 529, 530 (1), n. 3 (543 SE2d 721) (2001).

Under these circumstances, especially in light of the trial court's effort to afford Hitchcock's counsel and the State an opportunity to dispose of the case by agreement, we cannot say that the trial court's noncompliance with USCR 32.1, its refusal to continue the case, or its grant of Hitchcock's motion to dismiss for want of prosecution was an

abuse of discretion. See *Kellibrew*, supra; see also *Currington*, supra; compare *Clark v. State*, 259 Ga. App. 573, 576 (578 SE2d 184) (2003) (court's noncompliance with USCR 32.1 wholly inadequate where no evidence showing court did not have ample time to comply and still meet time requirements of defendant's demand for speedy trial).

*Judgment affirmed. Barnes, C. J., and Miller, J., concur.*

DECIDED APRIL 17, 2007.

*Paul L. Howard, Jr., District Attorney, Elizabeth A. Baker, Assistant District Attorney*, for appellant.

*Ashleigh B. Merchant*, for appellee.