## A07A0716. JONES v. THE STATE.
(648 SE2d 183)

MIKELL, Judge.

A Clayton County jury found Willie Jones, Jr., guilty of armed robbery, possession of a weapon during the commission of a crime, and theft by receiving stolen property. The trial court merged the weapon offense into the armed robbery and sentenced Jones to twelve years in prison for the armed robbery and ten years on probation for the theft.[1] Jones was tried along with three other men, Raymond K. Brown, Ronnie V. Monfort, and Otis Williams III, based on their various roles in three armed robberies. All defendants were convicted, and Monfort's conviction has been affirmed.[2] Jones challenges the sufficiency of the evidence and the denial of his motion for a continuance. We affirm.

1. Jones alleges that the evidence is insufficient to sustain his convictions as a party to the crimes pursuant to OCGA § 16-2-20. We recount that portion of the evidence from *Monfort v. State*[3] that relates to the crimes for which Jones was convicted:

> On August 22, 2004, Dario Herrero was driving a cab at about 10:40 in the evening in Clayton County. At one point a car came up behind him, four young . . . men got out and pointed four guns at him, and then they demanded Herrero's money. The men held Herrero with his head down, and he did not know which man took his money. He testified that he did not get a good look at the men at first, but when they were leaving, he saw two of them and how their hair looked. . . . At trial on . . . cross-examination, Herrero was asked, "You can't say for certain who robbed you, can you?" Herrero answered, "No, not really." But Marvin Jones, age nineteen, who pled guilty to the same offenses, testified that on August 22, 2004, he was with the . . . defendants, including [Willie Jones], riding in a stolen car in Forest Park high on drugs and alcohol. He testified that the four men got out of the car and approached the taxi; Jones saw one gun in use.[4]

Marvin Jones further testified that a screwdriver was used to operate the stolen vehicle. According to Jones, two of the defendants

---

[1] We note that OCGA § 16-11-106 (b) mandates that the defendant "shall be punished by confinement for a period of five years, such sentence to run consecutively to any other sentence which the person has received."

[2] *Monfort v. State*, 281 Ga. App. 29 (635 SE2d 336) (2006).

[3] Id.

[4] Id. at 30.

got into an argument after they stopped the car. Willie Jones then jumped out of the car and "walked off to somewhere, and then by the time I jumped out of the car to see where he was going, . . . I seen it was a 'process' going on. . . ." Marvin Jones testified that by "process," he meant the armed robbery. He further testified that Willie Jones was holding the gun. This fact was corroborated by Detective Sergeant John Marcus Grunden of the City of Forest Park Police Department, who testified that he interviewed Willie Jones and that Jones provided information leading Grunden to discover the gun in the woods in close proximity to the crime scene. Grunden also testified that during the interview, he asked Jones, "which one of the vehicles that we were investigating had been used in these robberies was I going to find his fingerprints. And he told me that we would find his fingerprints in the silver [Oldsmobile] Alero." Grunden testified it was the same vehicle that was used to rob Herrero. In addition, Monfort gave a statement to Grunden in which he admitted being at the scene of the robbery but claimed that the others had done the robbing.

We find the evidence recounted above sufficient to sustain Jones's conviction beyond a reasonable doubt as a party to the crimes of armed robbery and possession of a weapon during the commission of a crime.[5] Jones led a detective to the gun he possessed and admitted being in the stolen vehicle on the date in question. Marvin Jones testified that he witnessed the armed robbery, which involved Willie Jones holding a gun and approaching the cab driver.

We next consider Jones's conviction of theft by receiving stolen property. OCGA § 16-8-7 (a) provides: "A person commits the offense of theft by receiving stolen property when he receives, disposes of, or retains stolen property which he knows or should know was stolen. . . . 'Receiving' means acquiring possession or control . . . of the property." The evidence shows that defendant Brown was the driver of the Alero and Jones was a passenger in the stolen car. Therefore, we must consider whether the state presented sufficient evidence that Jones knew the car was stolen and that he acquired possession or control of the car.

> Riding in a stolen . . . automobile as a passenger does not support a conviction for theft by receiving unless the accused also, at some point, acquires possession of or controls the vehicle, i.e., has the right to exercise power over a corporeal

---

[5] See *Maddox v. State*, 278 Ga. 823, 824-825 (1) (607 SE2d 587) (2005) (evidence that appellant was seen with murder weapon on day of shootings was sufficient to convict him, as party to crime, of burglary, armed robbery, aggravated assault, and possession of firearm during commission of crime).

thing, or there exists some evidence, either direct or circumstantial, that the accused was a party to the crime by aiding and abetting its commission.[6]

Construed to uphold the verdict, the evidence adduced on this charge reveals that Jones admitted that his fingerprints would be found in the Alero. Marvin Jones testified that the vehicle was stolen and that a screwdriver was used in the ignition. The vehicle was used in the commission of the armed robbery in which Jones participated. Grunden, who had had the vehicle under surveillance, testified that it had been parked at the apartment complex where Jones resided. There was sufficient evidence for a jury to find both that Jones knew, or should have known, that the Alero was stolen,[7] especially in light of testimony that it was operated with a screwdriver, and that he had the right to exercise power over it, given that it was parked in front of his apartment.[8] Accordingly, the evidence is sufficient beyond a reasonable doubt to sustain Jones's conviction of theft by receiving stolen property.[9]

2. Jones next contends that the trial court erred in denying his motion for a continuance. "All applications for continuances are addressed to the sound legal discretion of the court and, if not expressly provided for, shall be granted or refused as the ends of justice may require."[10] Further, "[t]rial judges necessarily require a great deal of latitude in scheduling trials. Not the least of their problems is that of assembling the witnesses, lawyers, and jurors at the same place at the same time, and this burden counsels against continuances except for compelling reasons."[11] Trial counsel in the case at bar did not offer compelling reasons for granting a continuance. Apparently, counsel was under the impression that a plea had been negotiated with a prior assistant district attorney ("ADA") and would be accepted by the court. The court did not recall approving the

---

[6] (Citation omitted.) *Harris v. State*, 247 Ga. App. 41, 42 (543 SE2d 75) (2000).

[7] See, e.g., *Johnson v. State*, 236 Ga. App. 356, 357 (1) (511 SE2d 921) (1999) (defendant admitted the car was stolen, and the stolen car was used in an armed robbery in which the defendant participated); *Sanders v. State*, 204 Ga. App. 545, 546 (1) (a) (419 SE2d 759) (1992) (car was being driven without keys).

[8] See, e.g., *Green v. State*, 277 Ga. App. 867, 868 (1) (627 SE2d 914) (2006) (defendant was the only person at the residence where the stolen car was parked); *Hurston v. State*, 202 Ga. App. 311, 313 (1) (414 SE2d 303) (1991) (co-defendant left appellant alone in the car with the motor running). Compare *Buchanan v. State*, 254 Ga. App. 249, 251 (1) (562 SE2d 216) (2002) (evidence that defendant's shirt was found inside stolen car insufficient to establish possession or control).

[9] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

[10] OCGA § 17-8-22.

[11] (Punctuation and footnote omitted.) *Gilbert v. State*, 259 Ga. App. 371, 374 (3) (577 SE2d 35) (2003).

deal, and the ADA who tried the case explained that there was a notation in the state's file that Jones would accept a plea to robbery of seven years to serve, but the deal was never formalized and never accepted by the court. Jones's counsel moved for a continuance because he did not learn until the morning of trial that the plea offer would not be accepted, and he stated that he was not prepared for trial. The court noted that the case had been on at least one previous trial calendar. The court inquired of counsel whether he had investigated the facts of the case or prepared for trial "any of these months it's come up." The record shows that counsel signed the indictment on which his client entered a not guilty plea on June 27, 2005, and the case was called for trial on November 14, 2005. Counsel replied that he had in fact investigated the case, but had not formally prepared to try the case, in that he had not set up his trial notebook. In order to give counsel additional time to set up his trial notebook, the court announced that it would only conduct voir dire that day and would reserve opening statements and the presentation of evidence for the following day. The court also recessed for two hours and fifteen minutes to give counsel time to prepare for voir dire.

On appeal, Jones's counsel argues that he did not have sufficient time to prepare, develop strategies, develop trial tactics, or develop an intricate defense because he believed that he had reached an agreement with the state. "A statement by counsel for the defendant that he has not had sufficient time to investigate and prepare the defense is a mere conclusion. Questions of this nature must of necessity be entrusted to the discretion of the trial judge."[12] Counsel does not specify what else he could have done to prepare for trial, other than set up his trial notebook, which the court gave him time to do. Under these circumstances, the trial court did not abuse its discretion in refusing to grant Jones a continuance.

*Judgment affirmed. Johnson, P. J., and Phipps, J., concur.*

DECIDED JUNE 15, 2007.

*Darrell B. Reynolds, Sr.,* for appellant.
*Jewel C. Scott, District Attorney, Billy J. Dixon, Assistant District Attorney,* for appellee.

---

[12] (Citation, punctuation and footnote omitted.) *Xulu v. State,* 256 Ga. App. 272, 274 (2) (568 SE2d 74) (2002).