## A07A2113. BROWN v. THE STATE.
(657 SE2d 322)

BERNES, Judge.

A Clayton County jury found Raymond King Brown guilty of armed robbery, possession of a firearm during the commission of a crime,[1] and theft by receiving stolen property. On appeal, Brown contends that the evidence was insufficient to sustain his convictions. For the reasons that follow, we affirm.

Brown was indicted, tried, and convicted of the crimes, along with his co-defendants, Willie Jones, Jr. and Ronnie Monfort. Another co-defendant, Marvin Jones, pled guilty and testified at trial as a

---

[1] The trial court's sentence merged the weapon offense into the armed robbery conviction.

state's witness. The convictions of Willie Jones and Monfort have been affirmed on appeal. See *Jones v. State*, 285 Ga. App. 866 (648 SE2d 183) (2007); *Monfort v. State*, 281 Ga. App. 29 (635 SE2d 336) (2006).

Viewed in the light most favorable to the jury's verdict, *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979), the trial evidence establishing Brown's guilt of the charged offenses is pertinently set forth in his co-defendants' appeals:

> On August 22, 2004, Dario Herrero was driving a cab at about 10:40 in the evening in Clayton County. At one point a car came up behind him, four young men got out and pointed four guns at him, and then they demanded Herrero's money. The men held Herrero with his head down, and he did not know which man took his money. He testified that he did not get a good look at the men at first, but when they were leaving, he saw two of them and how their hair looked. At trial on cross-examination, Herrero was asked, "You can't say for certain who robbed you, can you?" Herrero answered, "No, not really." But Marvin Jones, age nineteen, who pled guilty to the same offenses, testified that on August 22, 2004, he was with the defendants, including [Brown], riding in a stolen car in Forest Park high on drugs and alcohol. He testified that the four men got out of the car and approached the taxi; Jones saw one gun in use. Marvin Jones further testified that a screwdriver was used to operate the stolen vehicle. . . . The evidence [also] shows that defendant Brown was the driver of the [stolen vehicle used during the armed robbery].

(Punctuation and footnotes omitted.) *Jones*, 285 Ga. App. at 866-867 (1). See also *Monfort*, 281 Ga. App. at 29-30. In addition, Brown gave a post-arrest statement to police in which he admitted driving the car on the night of the armed robbery. Both the victim and Marvin Jones testified at trial that all four of the perpetrators, including Brown, approached and robbed the victim at gunpoint.

1. The above cited evidence authorized Brown's conviction as a party to the crime of armed robbery. OCGA §§ 16-8-41 (a); 16-11-106 (b) (1); 16-2-20 (a). See also *Jones*, 285 Ga. App. at 866-867 (1); *Monfort*, 281 Ga. App. at 30 (1). Brown nonetheless claims that his armed robbery conviction was unauthorized because the indictment alleged the victim of the armed robbery to be "Herreroa Gosta" rather than the trial witness Dario Herrero. Herrero, however, testified that he also uses the last name "Agosta." As we held in Monfort's appeal,

the variance in the indictment and the proof at trial was not fatal since the names in fact referred to the same person. See *Monfort*, 281 Ga. App. at 30-31 (2).

2. The evidence also authorized Brown's conviction for theft by receiving stolen property. Marvin Jones testified that the car driven by Brown on the night of the armed robbery was stolen, had no keys in the ignition, and was operated by use of a screwdriver. Moreover, as previously noted, Brown admitted to police that he drove the car the night of the armed robbery. OCGA § 16-8-7 (a); *Jones*, 285 Ga. App. at 868 (1). Cf. *Scruggs v. State*, 227 Ga. App. 35, 38 (3) (488 SE2d 110) (1997).

*Judgment affirmed. Blackburn, P. J., and Ruffin, J., concur.*

DECIDED JANUARY 31, 2008.

*David J. Walker*, for appellant.
*Jewel C. Scott, District Attorney, Billy J. Dixon, Assistant District Attorney*, for appellee.