## A10A0615. MILLER v. THE STATE.

(693 SE2d 637)

BLACKBURN, Presiding Judge.

Following a jury trial, Gary Darrell Miller was convicted of six counts of aggravated assault[1] and four counts of felony obstruction of an officer.[2] He now appeals from the denial of his motion for a new trial, asserting that the trial court erred in denying his motion for a continuance. Discerning no error, we affirm.

Viewed in the light most favorable to the verdict, *Culver v. State*,[3] the evidence shows that on June 25, 2001, officers with the Douglasville Police Department went to Miller's home, after Douglasville 911 received a "hang-up" call from the residence. Although standard policy required police to investigate such calls, Miller was uncooperative and aggressive toward the officers, and told them to leave the premises. When Miller continued to interfere with police attempts to investigate the reason for the 911 call, including their attempts to speak with his wife, the officers initiated Miller's arrest for disorderly conduct. He then assaulted all three officers, first with a pipe-bending tool and then with a child's scooter. The officers eventually subdued and arrested Miller, and he was subsequently charged with the crimes of which he was convicted.

Miller's trial was originally scheduled for the week of August 8, 2005. On August 4, 2005, his attorney filed both a motion for a continuance and a motion seeking to withdraw as Miller's counsel. The trial court granted the former motion but denied the latter, and trial was rescheduled for the week of November 28, 2005. New counsel filed an entry of appearance in the case on November 28 and the case was called for trial on November 30. At the call of the case, defense counsel announced ready for trial. Following a recess, however, defense counsel stated: "I was just talking to my client and I indicated that I'd probably be needing a continuance because I just got hired less than 48 hours [ago], but he states that he would rather go forward today and I at least want to put that on the record. Is that correct, Mr. Miller, you had rather go forward today?" Miller responded, "Yes, sir."

The trial court then addressed Miller, telling him: "It is not clear to me that you would be able to get a continuance if you asked for one, but I want you to assume that you could get one. Do you want a continuance or not?" In response, Miller asked for and received permission to confer with his attorney. Following that conference,

---

[1] OCGA § 16-5-21 (a) (2).

[2] OCGA § 16-10-24 (b).

[3] *Culver v. State*, 290 Ga. App. 321 (659 SE2d 390) (2008).

defense counsel informed the trial court that Miller did want a continuance. When asked the grounds for the continuance, defense counsel stated that he needed "just a little bit more time to prepare." The trial court then questioned defense counsel, who acknowledged that he had received the case file from and had conferred with prior counsel, who had brought him "up to date pretty much on the facts." The trial court noted that all the crimes charged arose out of a single incident, the facts were not complicated, and the defense was not arguing a case of mistaken identity — i.e., the only question was whether the evidence would support a conviction. The trial court further noted that defense counsel had accepted the representation and entered an appearance with knowledge of the trial date, and that he had originally announced ready for trial. Based on the foregoing, the trial court denied the motion for a continuance, and trial proceeded.

After his conviction, Miller filed a new trial motion. In its order denying that motion, the trial court noted that Miller, through his attorney, had "informed the Court that no issues to be presented on appeal required an evidentiary hearing" and that Miller had waived the hearing on his new trial motion and had "requested that said [m]otion be denied without a hearing." Miller now appeals from that order.

"A motion for continuance based on counsel's claim of insufficient time to prepare for trial is addressed to the sound legal discretion of the trial court," and the denial of such a motion will not be reversed absent a manifest abuse of that discretion. (Punctuation omitted.) *Patterson v. State.*[4]

> Mere shortness of time does not by itself show a denial of the rights of the accused, and mere shortness of time will not reflect an abuse of the trial court's discretion in denying a continuance, where the case is not convoluted and is without a large number of intricate defenses. Additionally, when there is no showing that a continuance would have benefitted the defendant, he has not established harm in the denial of the continuance[, and the same cannot constitute reversible error].

(Citation and punctuation omitted.) *In the Interest of C. L.*[5]

The facts of Miller's case were neither complex nor convoluted, and the State did not rely upon scientific evidence or expert testimony to prove its case. Rather, the evidence on all charges

---

[4] *Patterson v. State*, 202 Ga. App. 440, 441 (1) (414 SE2d 895) (1992).
[5] *In the Interest of C. L.*, 289 Ga. App. 377, 381 (2) (657 SE2d 301) (2008).

consisted of eyewitness accounts. Moreover, defense counsel accepted the representation with knowledge of the trial date and with the apparent understanding that his client did not want a continuance. Notably, defense counsel announced ready for trial at the call of the case and, when requesting the continuance, he did not specify to the trial court what else he could or would have done to prepare for the trial. Given these circumstances, we cannot say that the trial court abused its discretion in denying the requested continuance. See *Sullivan v. State*[6] (affirming denial of a motion for continuance based on newly retained counsel's asserted need for additional preparation time, where "the [S]tate's case was predicated on the testimony and prior statements of the three . . . victims"); *Marion v. State*[7] (denial of continuance did not constitute abuse of discretion, even though counsel had only been retained a few days earlier, because counsel had accepted the case with knowledge of the scheduled trial date and "[t]he evidence . . . consisted of eyewitness accounts"). "A statement by counsel for the defendant that he has not had sufficient time to investigate and prepare the defense is a mere conclusion. Questions of this nature must of necessity be entrusted to the discretion of the trial judge." (Punctuation omitted.) *Jones v. State*[8] (affirming denial of continuance requested after negotiated plea was not approved).

"In addition, [Miller] has failed to demonstrate that he was harmed by the denial of the continuance. To show harm, [Miller] was required to specifically identify what other evidence or witnesses he would have put forth in his defense if his counsel had been given more time to prepare; speculation and conjecture are not enough." *Sullivan*, supra, 295 Ga. App. at 148 (2). Miller, however, waived his right to a hearing on his motion for a new trial and thereby waived his opportunity to establish harm. "[I]n the absence of a proffer of his trial counsel's testimony or other evidence to [demonstrate harm], [Miller] failed to show that the trial court clearly abused its discretion in denying the continuance." *Currington v. State*.[9] See also *McConnell v. State*;[10] *Marion*, supra, 224 Ga. App. at 416 (1). Accordingly, we affirm the trial court's order denying Miller's motion for a new trial.

*Judgment affirmed. Barnes and Bernes, JJ., concur.*

DECIDED APRIL 6, 2010.

---

[6] *Sullivan v. State*, 295 Ga. App. 145, 147-148 (2) (671 SE2d 180) (2008).

[7] *Marion v. State*, 224 Ga. App. 413, 415-416 (1) (480 SE2d 869) (1997).

[8] *Jones v. State*, 285 Ga. App. 866, 869 (2) (648 SE2d 183) (2007).

[9] *Currington v. State*, 270 Ga. App. 381, 386 (3) (606 SE2d 619) (2004).

[10] *McConnell v. State*, 263 Ga. App. 686, 686-687 (1) (589 SE2d 271) (2003).

*Mary Erickson*, for appellant.

*David McDade, District Attorney, James A. Dooley, Assistant District Attorney*, for appellee.