## A10A0987. WHITE v. THE STATE.

(695 SE2d 425)

JOHNSON, Judge.

After a jury trial, Carlos White was convicted of trafficking in cocaine. He appeals, challenging the sufficiency of the evidence, the denial of a motion for a continuance, the admission of evidence of an outstanding arrest warrant, and the effectiveness of his trial counsel. The challenges are without merit, and we thus affirm White's conviction.

1. White contends that testimony from his co-indictee, Jimmie Lee Stokes, was not credible, and therefore the evidence that he possessed cocaine was insufficient. However, on appeal from a criminal conviction, we do not determine the credibility of witnesses.[1] Rather, we view the evidence in the light most favorable to the verdict and determine only if it was sufficient for a rational trier of fact to find the accused guilty of the crime charged beyond a reasonable doubt.[2] So viewed, the evidence presented at trial shows

---

[13] Id. at 116 (1)

[14] (Punctuation omitted.) *Lankford v. State*, 295 Ga. App. 590, 593 (1) (672 SE2d 534) (2009).

[1] *Reid v. State*, 298 Ga. App. 889 (681 SE2d 671) (2009).

[2] Id.

that White got into Stokes' car holding a plastic grocery bag that was later found to contain approximately 374 grams of a mixture with a purity of 51 percent cocaine. During a traffic stop of the vehicle, a sheriff's deputy found the bag of cocaine underneath the seat where White was sitting. The evidence was sufficient for a rational trier of fact to find White guilty beyond a reasonable doubt of trafficking in cocaine.[3]

2. White claims that the trial court erred in denying his motion for a continuance because he had not consulted with his appointed counsel, had not reviewed the discovery material in the case, and was not prepared for the testimony of co-indictee Stokes. But contrary to White's claim, the record reveals that the trial court actually delayed the start of the trial for two days in order to give White and his attorney time to prepare. Prior to that delay, White's lawyer had already fully reviewed the discovery material provided by the state pursuant to its open-file policy. During the two-day interval, counsel met with White and together they went over all of the state's evidence, including a video of the traffic stop and tapes of jailhouse calls made by White to Stokes. Counsel also contacted two possible witnesses identified by White, but neither provided any information helpful to the defense. Although the attorney did not interview Stokes, he knew the substance of Stokes' likely testimony based on his statements to authorities, and he discussed that possible testimony with White prior to trial. At trial, White's counsel thoroughly cross-examined Stokes, including attempts to impeach his credibility by questioning him about his prior criminal record.[4]

"There is no fixed rule as to the number of days that should, of right, be allowed counsel for a defendant after his employment or appointment in a criminal case to prepare the case for trial."[5] Rather,

> [a] motion for continuance based on [a] claim of insufficient time to prepare for trial is addressed to the sound legal discretion of the trial court, and the denial of such a motion will not be reversed absent a manifest abuse of that discretion. Mere shortness of time does not by itself show a denial of the rights of the accused, and mere shortness of time will not reflect an abuse of the trial court's discretion in denying

---

[3] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Reid*, supra at 890 (1) (knowing possession of 28 grams or more of a mixture with a purity of 10 percent or more of cocaine constitutes the offense of trafficking).

[4] See *Gassett v. State*, 289 Ga. App. 792, 794-795 (2) (658 SE2d 366) (2008).

[5] (Citation and punctuation omitted.) *McIntyre v. State*, 302 Ga. App. 778, 780-781 (2) (691 SE2d 663) (2010).

a continuance, where the case is not convoluted and is without a large number of intricate defenses.[6]

In this case, the very premise of White's claim, that the trial court refused a continuance, is without merit since the trial court did in fact continue the trial for two days. Furthermore, because the state's case was not convoluted and there were no intricate defenses, White has not shown a denial of any rights due to the trial court's refusal to grant a longer continuance. Indeed, after counsel and White prepared during the two-day interval, counsel announced that the defense was ready when the case was called for trial. Under the circumstances, White has failed to show that the trial court manifestly abused its discretion in failing to grant any further continuance.[7]

3. White complains that the trial court erred in permitting evidence that he was arrested at the scene of the traffic stop pursuant to an outstanding warrant. However,

[t]he reference to the warrant was part of the circumstances surrounding [White's] arrest. All circumstances surrounding an arrest are admissible for whatever value the jury desires to place on them. Where evidence may incidentally put character in issue or be prejudicial it may be admitted if otherwise relevant. The warrant, as a circumstance of the arrest, was certainly relevant to the issues on trial. . . . Furthermore, unless clearly erroneous, we will not disturb a trial court's determination that res gestae is admissible.[8]

Because the trial court's determination was not clearly erroneous, we will not disturb it.[9]

4. White argues that his trial counsel was ineffective because he did not prepare adequately for trial. To prevail on his claim of ineffective assistance, White must show, under the test established by *Strickland v. Washington*,[10] both "that his counsel's performance was deficient and that the deficiency so prejudiced him that a reasonable likelihood exists that but for counsel's deficiency, the

[6] (Citations and punctuation omitted.) *Miller v. State*, 303 Ga. App. 422, 423 (693 SE2d 637) (2010).

[7] See *Perkinson v. State*, 279 Ga. 232, 237 (8) (610 SE2d 533) (2005) (no abuse of discretion in denying motion for continuance made on eve of trial where trial was in fact continued for eight days during voir dire).

[8] (Punctuation and footnote omitted.) *Smith v. State*, 285 Ga. App. 399, 401 (2) (646 SE2d 499) (2007).

[9] See *Thrasher v. State*, 289 Ga. App. 399, 400-401 (2) (657 SE2d 316) (2008).

[10] 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984).

outcome of the trial would have been different."[11] As recounted above in Division 2, and as testified to by White's trial counsel at the motion for new trial hearing, the attorney investigated all of the state's evidence prior to trial, reviewed that evidence with White and contacted potential witnesses identified by White. Thus, "[s]ome evidence supported the trial court's finding that trial counsel spent sufficient time investigating and preparing the case[.]"[12]

The crux of White's ineffectiveness claim is that his lawyer was not prepared to defend against the testimony of Stokes. However, as also explained above in Division 2, trial counsel knew the substance of Stokes' possible testimony because of his pre-trial statements, discussed such potential testimony with White, and conducted a thorough cross-examination of Stokes at trial. Not only has White failed to show that counsel's performance was deficient, but any prejudice arising from his alleged deficient preparation "is a matter of pure speculation[, which] is insufficient to satisfy the prejudice prong of *Strickland*."[13] Accordingly, the trial court properly rejected White's claim of ineffective assistance of counsel.

*Judgment affirmed. Miller, C. J., and Phipps, P. J., concur.*

DECIDED MAY 20, 2010.

*Peter D. Johnson*, for appellant.
*Fredric D. Bright, District Attorney, Alison T. Burleson, Assistant District Attorney*, for appellee.

---

[11] (Citations and punctuation omitted.) *Kilby v. State*, 289 Ga. App. 457, 460 (3) (657 SE2d 567) (2008).

[12] Id.

[13] (Citation and punctuation omitted.) *Killings v. State*, 296 Ga. App. 869, 874 (3) (b) (676 SE2d 31) (2009).