A10A2201. HEARD v. THE STATE.

(709 SE2d 582)

PHIPPS, Presiding Judge.

Following a jury trial, Quinntavious Heard was convicted of possession of cocaine. He appeals from the denial of his motion for a new trial, asserting that the trial court abused its discretion in denying his motion for a continuance. Heard contends that the court failed to afford him the minimum seven days' notice before trial required by Uniform Superior Court Rule (USCR) 32.1. For the reasons that follow, we reverse.

Whether to grant a motion for continuance is a decision that rests entirely within the sound discretion of the trial court; the trial

court's ruling on such a motion will not be disturbed absent a clear abuse of discretion.[1]

Heard was arrested in January 2009 for the offense of possession of cocaine with intent to distribute. At a preliminary hearing on August 27, 2009, with Heard and his attorney present, the court noted that a status hearing would be set for September 16, 2009, and that the court "may reach [Heard] for trial that following week."

At the September 16, 2009 hearing, defense counsel announced that "the defense is ready for trial." The following then transpired:

> THE COURT: All right. Ready for trial. Now is [Heard] going to be on my calendar as a back up if everything falls apart over the next few weeks?
>
> [PROSECUTOR]: Well, Your Honor, that's what . . . I actually wanted to find out if you wanted us to add today's ready for trials to — it's my understanding that October 12th is going to [a specific name] murder case and that —
>
> THE COURT: That's what I'm told.
>
> [PROSECUTOR]: — and that October 26th we've heard is going to be [a specific name]'s week.
>
> THE COURT: Well, I don't know . . . . We still have next week and I don't know what's out there as well. I think out of an abundance of caution anybody in custody, such as Mr. Heard.
>
> [PROSECUTOR]: Yes, sir.
>
> THE COURT: Yes, ma'am.
>
> [PROSECUTOR]: Okay.
>
> THE COURT: Stick them on. . . . And any misdemeanors just in case we need filler at the end of weeks. . . . Because I don't want the weeks to end up, you know, totally busted and we've got folks sitting in jail. So Mr. Heard will be put on that calendar, let him roll. And whether we reach him or not I don't know but certainly we will put him on the calendar as a person in custody.

The court then inquired whether Heard was in custody because he was "under sentence." The prosecutor replied that Heard "has a probation violation." The court stated: "I'll leave it up to you. He's not going anywhere. So we don't have to put him — if he's not in the county jail he's a state prisoner now anyway, so as far as he's concerned, no, don't worry about him. He's under state sentence."

---

[1] *Greene v. State*, 274 Ga. 220, 221 (3) (552 SE2d 834) (2001).

The case was called for trial on Monday, October 26, 2009. Heard and his attorney were present. After the court discussed some preliminary matters, the state announced: "[T]he State is prepared to go forward. The State does concede that we have not complied formally with the seven day notice rule in Mr. Heard's case, but we've contacted all witnesses in the case." Defense counsel requested a continuance, stating that the court had not given any written notice that Heard's case would be tried that week. Defense counsel, the circuit public defender, said that he was called the preceding Friday morning (October 23) and asked if counsel could possibly have Heard's and another case ready for trial on Monday, October 26; defense counsel's response to the caller is not indicated in the transcript.

In support of his motion for continuance, defense counsel explained to the court that the attorney from his office to whom Heard's case had been assigned was not sufficiently experienced to prepare for a felony trial over the weekend, and that the public defender himself had tried to prepare both cases over the weekend but needed more time to investigate Heard's case. He stated that "at this time the defense is unable to try this case," adding that Heard was entitled to seven days written notice before he could "be forced to go to trial." The court remarked that defense counsel had announced "ready for trial" more than a month earlier and that there were no motions pending in the case other than those raised on October 26. The court stated: "I don't always give notice in that form. We've called cases before, [defense counsel], at the last minute to be tried. We've done that before . . . . You all need to quit announcing ready for trial." The following then transpired:

> [DEFENSE COUNSEL]: Well, Judge, there wouldn't be a problem if the Court had given us any notice.
> THE COURT: Well, counsel, I gave you —
> [DEFENSE COUNSEL]: This is a civil — this is a civil trial calendar.
> THE COURT: No sir, it is not. It is a — my notice is special civil and criminal. It gave notice of both. I had a calendar —
> [DEFENSE COUNSEL]: Your Honor, for the record —
> THE COURT: [Defense counsel], that was done.
> [DEFENSE COUNSEL]: — this case was not on that calendar.
> THE COURT: I know it. I'm not going to debate with you. Anything else you want to note for your record?

The court denied the motion and jury selection began.

After jury selection concluded but before the jury was sworn, defense counsel stated for the record that he had not received notice of the trial until the preceding Friday, and had not received a copy of the juror questionnaires before Monday; therefore, he said, he had been unable to review the questionnaires as he generally would have, some of his decisions were not informed, and he had "issues with the jury selection, including decisions on at least two jurors," whose names he gave. The state remarked that Heard's case "was not added to that" (unspecified) calendar, "[s]o he did not get written notice of this trial calendar."

USCR 32.1 provides, in pertinent part:

> . . . The judge or designee shall prepare a trial calendar, . . . and shall give notice in person or by mail to each counsel of record . . . and the defendant . . . not less than 7 days before the trial date or dates. The calendar shall list the dates that cases are set for trial, the cases to be tried at that session of court, . . . the names of the defendants and the names of the defense counsel.

Based on the record before us, we conclude that the court did not comply with USCR 32.1. Defense counsel stated at trial that Heard's case was not on the trial calendar and that, other than the phone call he had received the Friday before Monday's trial, he received no notice of the trial. And the state acknowledged that the case had not been added to the trial calendar and that there had not been formal compliance with the notice rule.

Although the state contends that Heard was given the required notice in person at the September 16, 2009 hearing and on October 23, 2009 through the phone call to defense counsel, we disagree. The court did not specifically indicate at the September hearing that Heard's case was scheduled for trial on October 26.[2] Rather, the court discussed several dates and weeks as possibilities, then indicated that, in light of information that Heard was in custody on a probation violation, the matter would be left "up to you" (it is unclear to whom the court was referring), and there was no need to worry about Heard. Assuming arguendo that the October 23 phone call constituted notice "in person," it occurred less than seven days before Heard's trial.

A trial court's noncompliance with USCR 32.1 is to be assessed

---

[2] Compare *Payne v. State*, 195 Ga. App. 523, 524 (1) (394 SE2d 781) (1990) (trial court did not abuse its discretion in denying motion for continuance despite fact that defense had not received copy of trial calendar at least seven days before trial, because defendant had been informed of specific trial date at arraignment, which was more than seven days before trial).

under the circumstances of each case.[3] In this case, the notice provided was wholly inadequate. Heard's case was not on the October 26 calendar; yet, three days before trial, defense counsel was notified by phone that he was expected to represent both Heard and another defendant in two trials starting on that date. There is no claim in this case that the court needed to set Heard's trial for October 26 to meet a speedy trial demand.[4] The state cites no authority, and we find none, holding that a party's announcement of "ready for trial" at a pre-trial hearing vitiates the court's duty to comply with the mandatory notice rule set forth in USCR 32.1. The court was required to set a trial calendar listing the cases to be tried and was required to give Heard proper notice of his trial date.[5]

Given the court's complete failure to comply with the notice rule and the circumstances under which Heard was required to proceed to trial, including counsel's having had inadequate time to prepare for two cases to be tried that week, Heard has established harm.[6] Under the circumstances presented in this case, the court clearly abused its discretion in denying the motion for continuance.

*Judgment reversed. Miller, P. J., and McFadden, J., concur.*

DECIDED MARCH 28, 2011.

*Anthony S. Carter*, for appellant.
*W. Kendall Wynne, Jr., District Attorney, Anne M. Kurtz, Assistant District Attorney*, for appellee.

---

[3] Id.

[4] See *Clark v. State*, 259 Ga. App. 573, 576 (578 SE2d 184) (2003). Compare *State v. Hitchcock*, 285 Ga. App. 140, 142-143 (645 SE2d 631) (2007).

[5] See *Clark*, supra (where the court had ample time to comply with USCR 32.1 while still meeting the time requirements of defendant's speedy trial demand, court's noncompliance with that rule was error).

[6] Compare *Miller v. State*, 303 Ga. App. 422, 423-424 (693 SE2d 637) (2010) (no abuse of discretion in denying motion for continuance when, inter alia, counsel accepted representation of defendant with knowledge of trial date and with understanding that defendant did not want continuance, and counsel did not specify what else he would have done to prepare for trial); *Currington v. State*, 270 Ga. App. 381, 386 (3) (606 SE2d 619) (2004) (no abuse of discretion in denying motion for continuance when, assessing noncompliance with seven-day notice requirement in USCR 32.1 under the circumstances of case, defendant failed to show harm; but there was no indication in the case that the trial had never been placed on the calendar).